**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **GALE J. NICOLAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 4:22-cv-02046** |
| **v.** | § | |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST** | § | |
| **COMPANY, AS INDENTURE TRUSTEE** | § | |
| **FOR AMERICAN HOME MORTGAGE** | § | |
| **INVESTMENT TRUST 2006-3 AND PHH** | § | |
| **MORTGAGE CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

Defendants Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2006-3 ("Deutsche Bank") and PHH Mortgage Corporation ("PHH" and together with Deutsche Bank as "Defendants") files this Motion for Summary Judgment and Brief in Support, and shows this suit must be dismissed because Plaintiff's claims are barred by *res judicata*.

**I. RELEVANT BACKGROUND**

1.      On June 6, 2022, Plaintiff Gale J. Nicolas ("Plaintiff") filed her *Plaintiff's Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction* (the "Petition"), bearing Cause No. 22-06-07150 in the 457th Judicial District Court of Montgomery County, Texas (the "State Court Action").   (ECF Doc. 1 at Exh. B-1.) Defendant removed the action to this Court on June 23, 2022. (ECF Doc. 1.) The allegations in the Petition relate to a deed of trust and efforts to foreclose a home equity lien on the real

property and improvements located at 84 W. Sandalbranch Circle, The Woodlands, Texas 77382 (the "Property"). (*Petition* at ¶8.)

2.      In the Petition, Plaintiff asserts the following causes of action: (1) declaratory judgment challenging Defendants' standing to foreclose on the property; and (2) violation of Texas Constitution Article XVI, §50. Plaintiff seeks injunctive relief enjoining Defendants from pursuing foreclosure. (*See Id.* at Prayer.) Plaintiff also seeks damages in the form of economic damages, actual damages, pre-judgment and post judgment interest, exemplary damages, and attorney's fees.  (*Id.*)

3.      Plaintiff and Defendants previously litigated the issues surrounding Plaintiff's right to enforce the lien on the Property. On February 22, 2022, a Final Judgment was entered approving stipulation and judgment allowing foreclosure in Civil Action No. 4:20-cv-01263 in this Court, Hon. Charles Eskridge, Presiding (the "First Suit"). Plaintiff's effort to prevent foreclosure in this action is barred by *res judicata*.

## II. SUMMARY JUDGMENT STANDARD

4.      Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. Proc. 56. "When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party." *Puig v. Citibank, N.A.*, Civil Action No. 3:11-CV-0270-L, 2012 U.S. Dist. LEXIS 70398, at *5 (N.D. Tex. 2012) (citing *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)); *see also FDIC v. Dawson*, 4 F.3d 1303, 1306 (5th Cir. 1993). If the non-moving party bears the burden of proof at trial, the moving party discharges its summary-judgment burden of proof by showing the absence evidence to support the non-moving party's case or the absence of

any fact issue in the record; the evidentiary burden then shifts to the non-moving party to show with "significant probative" evidence that there exists a triable issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *see also Stahl v. Novartis Pharms. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002) ("The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that that record contains no support for the non-moving party's claim."). "If the movant does not bear the burden of proof at trial, then the moving party must identify those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *SEC v. Arcturus Corp.*, 171 F. Supp. 3d 512, 521 (N.D. Tex. 2016) (citing *Celotex*, 477 U.S. at 322–25); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

5.      The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 576, 106 S. Ct. 1348, 1350 (1986); *see also Little v. Liquid Air Corp.*, 37 F3d 1069, 1075 (5th Cir. 1994) (en banc) (non-movant cannot defeat a motion for summary judgment with "conclusory allegations," "unsubstantiated assertions," or a mere "scintilla" of evidence). "Conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence cannot defeat a motion for summary judgment." *SEC v. Arcturus Corp.*, 171 F. Supp. 3d 512, 521 (N.D. Tex. 2016). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Salazar-Limon v. City of Hous.*, 826 F.3d 272, 276 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "Courts have no duty, furthermore, to search the record for a material disputed fact." *Thomason v. Metro. Life Ins. Co.*, 165 F. Supp. 3d 512, 516 (N.D. Tex. 2016) (citing *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010) and *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012)).

## III. EVIDENCE

6.      Defendant relies on the following evidence in support of this Motion, true and correct copies of which are attached hereto and incorporated by reference herein and requests the court take notice of same:

Exhibit A.      Notice of Removal, Civil Action No. 4:20-cv-01263[1];

Exhibit B.      Stipulation and Consent for Entry of Judgment Permitting Foreclosure, Civil Action No. 4:20-cv-01263;

Exhibit C.      Order Approving Stipulation and Judgment Permitting Foreclosure, Civil Action No. 4:20-cv-01263.

## IV.  ARGUMENT AND AUTHORITIES

**A.    PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICATA.**

7.      Although it is unclear from Plaintiff's Petition, Plaintiff seems to allege that she is not bound by the previous judgment as "the only order allowing a foreclosure of the property is the order in the suit that only dismissed Nicolas Nicolas's claims, but not Plaintiff's claims." This argument is without merit.

8.      The doctrine of *res judicata* operates as a means of claim preclusion in federal court and "forecloses relitigation of claims that were or could have been raised in a prior action." *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 312–13 (5th Cir. 2004) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). Under *res judicata* principles, once a judgment is rendered by a court of competent jurisdiction, that judgment is thereafter considered the full measure of relief to be accorded between the same parties on the same "claim" or "cause of action." *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978) (citing *Angel*

---

[1] Plaintiff's Original Verified Petition, Cause No. 20-03-02961 in the 410th Judicial District Court for Montgomery County, Texas in incorporated in the Notice of Removal as Exhibit A-2, pages 10-74.

*v. Bullington*, 330 U.S. 183. 186 (1947)) (holding that a judgment rendered for defendant "extinguishes" plaintiff's claims and acts as a "bar" to further relief on them).

9.     The underlying purpose of *res judicata* is to avoid multiple suits on "identical entitlements or obligations between the same parties," accompanied by a redetermination of identical issues. *Id*. As applied in federal courts, the concept of *res judicata* "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication… not merely those that were adjudicated." *Howe v. Vaughan (In re Howe)*, 913 F.2d 1138, 1144 (5th Cir. 1989) (quoting *Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 560 (5th Cir. 1983) (en banc) (emphasis in original)). Therefore, a final judgment in favor of a defendant operates as a complete bar to a plaintiff seeking to bring a second suit based upon the same event or series of events, because "res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether he were asserted or determined in the prior proceeding." *Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 872 (5th Cir. 1984) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).

10.     The test for *res judicata* has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Test Masters Educ. Servs., Inc. v. Singh,* 428 F.3d 559, 571 (5th Cir. 2005) (citation omitted). "If these four conditions are satisfied, res judicata prohibits either party from raising any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action." *Ayati-Ghaffari v. JP Morgan Chase Bank, N.A.*, No. 4:18-CV-483-ALM-CAN, 2019 U.S. Dist. LEXIS 46003, at *14 (E.D. Tex. 2019) (internal citations omitted); *In re Howe*, 913 F.2d 1138,

1144 (5th Cir. 1990). "Dismissal under Rule 12(b)(6) on res judicata grounds may be appropriate when the elements of res judicata are apparent on the face of the pleadings." *Kan. Reinsurance Co. v. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994).

### *(1) The Parties are Identical or in Privity*

11.      The first element of res judicata has been satisfied because there is is privity between Gale J. Nicolas and Nicolas S. Nicolas due to their spousal relationship and shared residence of the property at issue. *See* Exhibit A, pp 10-74; *Butler v. Colonial Sav., F.A.*, No. 4:18-CV-2491, 2019 U.S. Dist. LEXIS 138421 (S.D. Tex. Aug. 15, 2019).

12.      Res judicata prevents litigation of claims by parties that are identical to those in a prior action or those that are in privity with the parties of the prior action. *Aerojet-Gen. Corp. v. Askew*, 511 F.2d 710, 719 (5th Cir. 1975) ("Under the federal law of res judicata, a person may be bound by a judgment even though not a party if one of the parties to this suit is so closely aligned with his interests as to be his virtual representative."). Privity "represents a legal conclusion that the relationship between the one who is a party to the record and the non-party is sufficiently close to afford application of the principles of preclusion." *Sw. Airlines v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 95 (5th Cir. 1977). A party of record and a non-party that have a pre-existing substantive legal relationship are sufficiently close to preclude the non-party's claims under res judicata. *Taylor v. Sturgell*, 553 U.S. 880, 894, (2008). Therefore, under Texas law, property possessed by either spouse during marriage is presumed to be community property and creates a "fiduciary duty...between husband and a wife regarding the community property controlled by each spouse." *See Cuauhtli v. Chase Home Finance LLC*, 308 Fed. Appx. 772, 773 (5th Cir. 2009) (citation omitted). This fiduciary relationship between spouses is the type of substantive legal relationship for claim preclusion. *See Id.* Moreover, privity exists when the parties share liability on the same loan obligation. *See Mason v. Wells Fargo Bank,*

*N.A.*, 4:16-CV-00699-ALM-CAN, 2016 U.S. Dist. LEXIS 181392, 2016 WL 7664305, at *4, *adopted by* 2017 U.S. Dist. LEXIS 2031, 2017 WL 67943 (E.D. Tex. Dec. 13, 2016). Furthermore, Plaintiff in this case signed the Stipulation and Consent for Entry of Judgment Permitting Foreclosure. *See* Exhibit B.

### *(2)  The judgment in the prior action was rendered by a court of competent jurisdiction.*

13.    Secondly, a court of competent jurisdiction rendered final judgment approving stipulation permitting foreclosure in favor of Defendants in the First Suit. *See* Exhibits C; *Butler*, 2019 U.S. Dist. LEXIS 138421, at *1. There is no question this Court, which rendered judgment in the First Suit, is a court of competent jurisdiction.

### *(3) The prior action was concluded by a final judgment on the merits.*

14.    Third, the First Suit resulted in a final judgment on the merits in favor of Defendant. A prior judgment is considered final "on the merits" only if rendered after the parties have been given a reasonable opportunity to litigate a claim before a court of competent jurisdiction, and the final judgment completely disposes of the underlying cause of action or determines that the plaintiff has no cause of action. *Kaspar Wire Works, Inc.,* 575 F.2d at 537–38. Here, the court entered an Order dismissing Plaintiff's claims with prejudice and approving Defendants request to enforce its lien through nonjudicial foreclosure. Exhibit C ¶¶5, 8. "A dismissal which is designated 'with prejudice' is normally an adjudication on the merits for purposes of res judicata." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n.8 (5th Cir. 1993).

### *(4) The same claim or cause of action was involved in both actions.*

15.    Finally, the fourth requirement in the *res judicata* analysis requires the Court to determine if the same cause of action was presented in both cases. To determine whether the

---

same claim or cause of action is involved, the Fifth Circuit utilizes the Restatement (Second) of Judgment's transactional test. *Petro-Hunt, L.L.C. v. U.S.*, 365 F.3d 385, 395 (5th Cir. 2004). "Under that test, the preclusive effect of a prior judgment extends to all rights the original plaintiff had "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Id.* at 395-96 (citation omitted).

16.     The critical issue is not the relief requested or the theory asserted by the plaintiff, but whether the plaintiff bases the two actions on the "same nucleus of operative facts." *In re Ark–La–Tex Timber Co., Inc.,* 482 F.3d 319, 330 (5th Cir. 2007). Making a determination of whether the same nucleus of operative facts is present requires that the Court analyze "the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies." *Id.* A judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit. *Hall v. U.S.*, No. 6:06-CV-528, 2007 U.S. Dist. LEXIS 104091 at *12-13 (E.D. Tex. Dec. 17, 2007), report and recommendation adopted, 2008 U.S. Dist. LEXIS 6631 (E.D. Tex. Jan. 30, 2008).

17.     *Res judicata* operates as a complete bar to a plaintiff seeking to bring a second (or later) suit based upon the same event or series of events and "bars all claims that were or *could have been* advanced in support of the cause of action on the occasion of its former adjudication… not merely those that were adjudicated." *Id.*

18.     First, Plaintiff's claims in this lawsuit arise from the same loan and deed of trust as the claims in the First Suit. (*Compare* Mot., Ex. A at ¶ 9, with ECF Doc. 1 at Exh. B-1 ¶ 8). This falls squarely within the meaning of connected transactions. *See Mahlin v. GMAC Mortgage LLC*, Civil No. 3:13-CV-906-M-BK, 2013 WL 6153289, at *3 (N.D. Tex. Nov. 22,

2013) (finding the transaction test was met where a new cause of action was brought against foreclosure of the same property in a subsequent suit).

19.     Additionally, Plaintiff pleads substantially similar facts in the present case as her husband did in the Fist Lawsuit. In the First Suit, Nicolas pled for common law fraud Here, Plaintiff generally challenges Defendants' right to foreclose on the subject Property and the enforceability of the lien (*Petition.* at ¶¶ 10-16.) Further Plaintiff alleges that Defendants "fraudulently prepared documents required for Defendants to foreclose as a calculated and fraudulent business practice." *Id.* at ¶ 11.   For these alleged wrongs, Plaintiff asserts causes of action for: (1) declaratory judgment; and (2) violation of Texas Const. Art. XVI §50. *Id.* at ¶¶ 10-18.)

20.     Plaintiff's allegations regarding Defendant's closely resemble the allegations in the First Suit. *See* Exhibit A pp 10-74; *Jackson v. Deutsche Bank Tr. Co.*, 583 F. App'x 417 (5th Cir. 2014). Further, Plaintiff does not allege new wrongs by Defendants that occurred since the February 22, 2022 Order Approving Stipulation and Judgment Permitting Foreclosure in the First Suit, but instead challenge the enforceability of the lien at issue in the First Suit. (*See generally* ECF Doc. 1 at Exh. B-1.) The Joint Stipulation signed by all Parties (including Plaintiff in this case) provides:

> The Loan Agreement comports with all requirements of the Texas Constitution and the Security Instrument validly encumbers the Property. Exhibit B at ¶2.

Almost identical claims based on almost identical facts are brought by Plaintiff now. (*Compare* ECF Doc. 1-1 at Exh. B-1 *with* Exhibit A pp 10-74.) Plaintiff again asserts allegations of fraud and challenges Defendants' ability to foreclose. The Court in the First Suit found that Deutsche Bank, or its successors or assigns, may enforce its lien against the Property through nonjudicial

foreclosure of the Property via trustee's sale at public auction, as provided in the Security Instrument and section 51.002 of the Texas Property Code. Exhibit C. at ¶3. Yet, Plaintiff attempts to relitigate this issue by seeking a declaratory judgment determining Defendants' power to foreclose. The Court in the First Suit found that the Loan Agreement comports with all requirements of the Texas Constitution and the Security Instrument validly encumbers the Property. Exhibit C. at ¶3. Yet, Plaintiff attempts to have another bite at the apple by once again alleging a constitutional violation.  Furthermore, she could have advanced the additional causes of action [declaratory judgment and violation of Texas Const. Art. XVI §50] in the First Suit.

21.     Here, Plaintiff's claims arise from the same nucleus of operative facts. In essence, Plaintiff's instant lawsuit is simply a thinly veiled attempt to re-litigate a previously adjudicated issue. Although the First Lawsuit sought causes of action for common law fraud, violation of RESPA and Regulation X of the Code of Federal Regulations, the differences in these legal theories are immaterial. *See Cuauhtli v. Chase Home Fin. LLC*, 308 F. App'x 772, 774 (5th Cir. 2009). Every claim Plaintiff brings before this Court has been previously alleged or could have been alleged in the First Lawsuit. Consequently, all of Plaintiff's claims in the current are barred by res judicata. Plaintiff's claims in the First Suit and this action are identical and must now be dismissed on res judicata grounds so Defendants may finally proceed with foreclosure.

**B.     PLAINTIFF'S CLAIM FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF FAIL AS A MATTER OF LAW AS PLAINTIFF HAS NO UNDERLYING CAUSE OF ACTION.**

22.     "When a declaratory judgment action filed in state court is removed to federal court, that action is, in effect, converted into one brought under the federal Declaratory Judgment Act." *See Cannon v. JPMorgan Chase Bank, N.A.*, No. 4:11-cv-458, 2011 WL 6838615, at *6 (E.D. Tex. Nov. 16, 2011) (citing 28 U.S.C. §§ 2201, 2202). The federal

Declaratory Judgment Act states, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Id.* Federal courts have broad discretion to grant or refuse declaratory relief. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). The federal Declaratory Judgment Act "gives federal courts the competence to declare rights, but does not impose a duty to do so;" it is "an authorization, not command." *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). The federal Declaratory Judgment Act "is a procedural device that creates no substantive rights and requires the existence of a justiciable controversy." *Cannon*, 2011 WL 6838615, at *6 (citations omitted).

23.     The Fifth Circuit has stated: In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury. *Bauer v. Tex.*, 341 F.3d 352, 358 (5th Cir. 2003) (citations and quotations omitted).

24.     A request for a declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action. *Kazmi v. BAC Home Loans Servicing, L.P.*, No. 4:11-cv-375, 2012 WL 629440, at *15 (E.D. Tex. Feb. 3, 2012) (stating that plaintiffs were not entitled to declaratory relief because they had no viable cause of action); *Wigginton v. Bank of*

*New York Mellon*, No. 3:10-cv-2128-G, 2011 WL 2669071, at *5 (N.D. Tex. July 7, 2011) (declining to consider request for declaratory relief because plaintiff failed to plead any cognizable claim against defendants); *Broyles v. Chase Home Fin.*, No. 3:10-cv-2256-G, 2011 WL 1428904, at *5 (N.D. Tex. Apr. 13, 2011) (request for declaratory relief denied because plaintiffs failed to plead any cognizable claim against defendant); see also *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-171 (5th Cir. 1990).

25.    Injunctive relief under Texas law is a type of equitable remedy, not a stand-alone cause of action. *See Sam v. Wells Fargo Bank, N.A.*, No. 4:15-cv-03194, 2016 U.S. Dist. LEXIS 188835, at *31 (S.D. Tex. July 15, 2016) (*citing Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-0592-D, 2010 U.S. Dist. LEXIS 69239 (N.D. Tex. July 12, 2010); *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.—Houston [1st Dist] 2008, no pet.)). "To sustain a claim for injunctive relief, a plaintiff must first plead a viable underlying cause of action." *Id.* (quoting *McLaughlin v. Wells Fargo Bank, N.A.*, No. 4:12-cv-02658, 2013 U.S. Dist. LEXIS 131602, at *14 (S.D. Tex. Sept. 13, 2013) (quoting *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002)).

26.    To the extent Plaintiff has pled no substantive claims against Defendants, Plaintiff is not entitled to declaratory relief and injunctive relief. Therefore, Defendants should be granted summary judgment that Plaintiff take nothing by his purported claim on this basis alone.

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully pray that the Court dismiss Plaintiff's claims with prejudice and grant Defendants all other relief to which it may be entitled.

Respectfully submitted,

By:  _/s/ Nicholas M. Frame_____
    **MARK D. CRONENWETT**
    Attorney in Charge
    Texas Bar No. 00787303
    Southern District Bar No. 21340
    mcronenwett@mwzmlaw.com

    **NICHOLAS M. FRAME**
    Of Counsel
    Texas Bar No. 24093448
    Southern District Bar No. 3121681
    nframe@mwzmlaw.com

    **MACKIE, WOLF, ZIENTZ & MANN, PC**
    14160 N. Dallas Parkway, Suite 900
    Dallas, Texas 75254
    Telephone: (214) 635-2650
    Facsimile: (214) 635-2686

    **ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the foregoing instrument was served ECF Notification on March 24, 2023, upon the following:

Brandy M. Alexander
2502 La Branch Street
Houston, Texas 77004
832-360-2318
346-998-0886 (Fax)
brandyalexander@alexanderpllc.com

                                     */s/ Nicholas M. Frame*
                                     **NICHOLAS M. FRAME**