# EXHIBIT A

JS 44-TXND (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

NICOLAS S. NICOLAS

**(b)** County of Residence of First Listed Plaintiff **Montgomery County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brandy Michelle Alexander, Alexander, PLLC, 6200 Savoy Drive, Suite 1202, Houston, Texas 77036, Telephone: (832)-460-3307

## DEFENDANTS

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR AMERICAN HOME MORTGAGE CORPORATION INVESTMENT TRUST 2006-3 and PHH MORTGAGE CORP

County of Residence of First Listed Defendant **New York, New Jersey**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
GREG DEVRIES and BRIAN PAINO, MCGLINCHEY STAFFORD, PLLC, 1001 McKinney, Suite 1500, Houston, Texas 77002, Telephone : (713) 520-1900

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☒ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 (diversity of citizenship), 28 U.S.C. § 1331 (federal question)
Brief description of cause:
Plaintiff alleges violations of RESPA/Reg. X, TX Debt Collection Act etc & seek to stop foreclosure

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED PENDING OR CLOSED CASE(S) IF ANY
*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
04/09/2020

SIGNATURE OF ATTORNEY OF RECORD
/s/ Greg DeVries

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **NICOLAS S. NICOLAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:20-cv-1263** |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST** | § | |
| **COMPANY, AS INDENTURE TRUSTEE** | § | |
| **FOR AMERICAN HOME MORTGAGE** | § | |
| **INVESTMENT TRUST 2006-3 and** | § | |
| **PHH MORTGAGE CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

<u>**DEFENDANTS' NOTICE OF REMOVAL**</u>

Defendants PHH Mortgage Corporation ("***PHH***") and Deutsche Bank National Trust Company, As Indenture Trustee For American Home Mortgage Investment Trust 2006-3 ("***Deutsche Bank***") (collectively "***Defendants***") hereby give notice of the removal of the state court civil action described below, on the basis of federal question and diversity. As grounds for the removal, Defendants respectfully state the following:

## I.     INTRODUCTION

1.     On March 2, 2020, Plaintiff Nicolas S. Nicolas ("***Plaintiff***") filed Plaintiff's Original Verified Petition ("***Complaint***"), numbered and styled as Cause No. 20-03-02961, *Nicolas S. Nicolas v Deutsche Bank National Trust Company, As Indenture Trustee For American Home Mortgage Investment Trust 2006-3 and PHH Mortgage Corporation,* in 410th Judicial District Court, Montgomery County, Texas.

2.     In the Complaint, Plaintiff brings claims for common law fraud, violations of RESPA and Regulation X of the Code of Federal Regulations; violations of the Texas Debt

Collection Practices Act, and seeks to stop foreclosure of the subject real property located at 84 W. Sandalbranch Cir., The Woodlands, Texas 77382 and attorney's fees.

3.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached hereto and marked as composite **Exhibit A** and incorporated herein by reference.

## II.      TIMELINESS OF NOTICE OF REMOVAL

4.      Plaintiff's Complaint was filed on March 2, 2020. Deutsche Bank was served with citation of Plaintiff's Complaint on March 11, 2020 and PHH was served on March 11, 2020; therefore, this notice of removal is timely.

## III.      BASIS FOR REMOVAL – FEDERAL QUESTION JURISDICTION

5.      Removal is proper because this case is a civil action involving a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff alleges a cause of action for violation of 12 CFR Section 1024.41, part of Regulation X, the federal regulations implementing the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.*[1]

6.      This Court has supplemental jurisdiction over Plaintiff's state-law claims because there is a "common nucleus of operative fact" between Plaintiff's federal and Texas state law claims as set forth in Plaintiff's Complaint and, therefore, this Court's supplemental jurisdiction extends to Plaintiff's Texas state law claims pursuant to 28 U.S.C. § 1367(a).[2]

## IV.      BASIS FOR REMOVAL – DIVERSITY JURISDICTION

7.      This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[1] *See Plt's Compl. ¶ 36.*
[2] *See Enochs v. Lamps Cnty.*, 641 F.3d 155, 158 (5th Cir. 2011) (discussing the power of the federal courts to exercise supplemental jurisdiction over state law claims under Section 1367(a)).

### A. Complete diversity exists.

8.      <u>Plaintiff</u> is a citizen and resident of Montgomery County, Texas.[3]

9.      <u>PHH</u> Mortgage Corporation is a New Jersey Corporation with its principal place of business located at 1 Mortgage Way, Mt. Laurel, New Jersey 08054. A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.[4] Therefore, for diversity purposes, PHH is a citizen of New Jersey.

11.     A national banking association is considered a citizen of the state in which it is located, as determined by the state of its main office as set forth in its articles of association.[5] <u>Deutsche Bank</u> is a national banking association; therefore, it is a citizen of the state where its main office, as designated in its articles of association, is located. Deutsche Bank's main office as designated in its articles of association is located in New York. Therefore, Deutsche Bank is a citizen of New York for purposes of diversity jurisdiction.[6]

12.     Accordingly, because Plaintiff is a citizen of Texas and the Defendants are not citizens of Texas, complete diversity of citizenship exists between the parties and removal is proper.

### B. The amount in controversy exceeds $75,000.00.

13.     Plaintiff seeks to stop foreclosure proceedings with respect to the subject real property. When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[7] When the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in

---

[3] *Pl.'s Compl.* ¶ 2.
[4] 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 88-90 (2005).
[5] *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1348).
[6] *Pl.'s Pet.* ¶ 4.
[7] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

controversy.[8] In this instance, the value of the subject property, located at 84 W. Sandalbranch Cir., The Woodlands, Texas 77382 amounts to at least $351,600.[9] Therefore, based on the value of the relief sought by Plaintiff in his Complaint, the amount in controversy exceeds $75,000.00.

**V.     VENUE**

14.     Venue for this Removal is proper in the United States District Court for the Southern District of Texas, Houston Division, because this district and division includes Montgomery County, Texas—the location of the pending state court action.

**VI.     ADDITIONAL REQUIREMENTS**

15.     Written Notice of Removal will be provided to Plaintiff and filed with the District Clerk of Montgomery County, Texas.

16.     In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

17.     Plaintiff made a jury demand in the Complaint.

**WHEREFORE**, having satisfied the requirements for removal, Defendants give notice that Cause No. 20-03-02961, originally filed in the 410th Judicial District Court, Montgomery County, Texas, has been removed to this Court.

---

[8] *Id.*

[9] *See* Montgomery Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Montgomery County Tax Appraisal because it is of public record and the information it provides is readily ascertainable and the source—the Montgomery County Tax Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

Respectfully submitted,

By: _/s/ Greg DeVries_

**BRIAN PAINO**
State Bar No. 24065862
bpaino@mcglinchey.com
**MCGLINCHEY STAFFORD**
18201 Von Karman Ave, Ste 350
Irvine CA 92612
Telephone : (949) 381-5900
Facsimile: (949) 271-4040

**GREG DEVRIES**
State Bar No. 24105802
**MCGLINCHEY STAFFORD**
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone : (713) 520-1900
Facsimile: (713) 520-1025
gdevries@mcglinchey.com
*COUNSEL FOR DEFENDANTS*

## CERTIFICATE AND NOTICE OF FILING

I certify that on April 9, 2020, this Notice of Removal was sent to the District Clerk of Montgomery County, Texas, and that written notice of filing of the Notice of Removal was served via eFile.TXCourts.Gov upon the attorney of record for Plaintiff.

_/s/ Greg Devries_
**GREG DEVRIES**

## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2020, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all parties, by and through their attorneys of record, in accordance with Federal Rules of Civil Procedure.

*Via CMRRR and/or*
*Email brandyalexander@alexanderpllc.com*
Brandy Michelle Alexander
Texas State Bar No. 24108421
6200 Savoy Drive, Suite 1202
Houston, Texas 77036
Telephone: (832)-460-3307
Facsimile: (832) 460-3334
*Counsel for Plaintiff*

_/s/ Greg Devries_
**GREG DEVRIES**

# EXHIBIT "A"

622395.1

Cause No. 20-03-02961
*Nicolas S. Nicolas, Plaintiff*

*v.*

*PHH Mortgage Corporation*
*and Deutsche Bank National Trust Company, As Indenture Trustee*
*For American Home Mortgage Investment Trust 2006-3 Defendant(s)*
In the 410th Judicial District Court, Montgomery County, Texas

## <u>INDEX OF STATE COURT FILE DOCUMENTS</u>

1.  Court Docket Sheet

2.  Plaintiff's Original Verified Petition .............................................................. 3/2/20

3.  Certificate of Conference.............................................................................. 3/2/20

4.  Return Executed: Deutsche Bank National Trust Company ....................................... 3/11/20

5.  Return Executed: PHH Mortgage Corporation........................................................ 3/11/20

6.  Defendants' Original Answer and Affirmative Defenses............................................. 4/7/20

622395.1

https://research.txcourts.gov/CourtRecordsSearch/ViewCasePrint/1844680e7f635d9498c18f0051b12a64

## Case Information

# Nicolas S Nicolas VS. Deustche Bank National Trust Company, as indenture trustee for American Home Mortgage Investment Trust 2006-3, PHH Mortgage Corporation

20-03-02961

| Location | Case Category | Case Type | Case Filed Date | Judge |
|---|---|---|---|---|
| Montgomery County - District Clerk | Civil - Real Property | Other Property | 4/7/2020 | Robin, Jennifer J. |

## Parties ③

| Type | Name | Attorneys |
|---|---|---|
| Plaintiff | Nicholas S. Nicholas | Brandy Michelle Alexander |
| Defendant | Deutsche Bank National Trust Company | Brian Paino |
| Defendant | PHH Mortgage Corporation | |

## Filings ⑤

| Date | Filing Type | Description | Documents |
|---|---|---|---|
| 3/2/2020 | Petition | Plaintiff's Original Verified Petition | Plaintiff's Original Verified Petition, etc - Nicolas Final.pdf |
| 3/2/2020 | Certificate | Certificate of Conference | Cert of conference.pdf |
| 3/11/2020 | Return of Citation | Executed Citation to Deutsche Bank National Trust Company | Nicolas, Nicolas - Return Citation Deutsche.pdf |
| 3/11/2020 | Return of Citation | Executed Citation to PHH Mortgage Corporation | Nicolas, Nicolas - Return Citation PHH.pdf |
| 4/7/2020 | Answer/Response | Defendants' Original Answer and Affirmative Defenses | Defendants' Original Answer and Affirmative Defenses.pdf |

© 2020 Tyler Technologies, Inc. | All Rights Reserved
Version: 2019.3.2.3046





20-03-02961

NO. _____

| | | |
|---|---|---|
| **NICOLAS S. NICOLAS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| | § | |
| **Plaintiff,** | § | Montgomery County - 410th Judicial District Court |
| | § | |
| **v.** | § | **_____ JUDICIAL DISTRICT** |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST** | § | |
| **COMPANY, AS INDENTURE TRUSTEE** | § | |
| **FOR AMERICAN HOME MORTGAGE** | § | |
| **INVESTMENT TRUST 2006-3,** | § | |
| | § | **MONTGOMERY COUNTY,** |
| **PHH MORTGAGE CORPORATION,** | § | **TEXAS** |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S ORIGINAL VERIFIED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Nicolas S. Nicolas hereinafter called Plaintiff, Deutsche Bank National

Trust Company, As Indenture Trustee For American Home Mortgage Investment Trust 2006-3

and PHH Mortgage Corporation as current servicer, as Defendants, and for their claims and

causes of action set forth herein below, respectfully shows unto the Court the following:

## I.

## DISCOVERY CONTROL PLAN LEVEL

1.       The Plaintiff intends that discovery be conducted under Discovery Level 2.

## II.

## PARTIES AND SERVICE

2.       Plaintiff, Nicolas S. Nicolas, is a married man whose present address is 84 W.

Sandalbranch Cir., The Woodlands, Texas 77382. The last three digits of Plaintiffs Plaintiff's

driver's license numbers are XXX and XXX, and the last three digits of their social security numbers are XXX and XXX.

3.      Upon information and belief, Defendant Deutsche Bank National Trust Company, As Indenture Trustee For American Home Mortgage Investment Trust 2006-3 ("Deutsche Bank"), is a national banking association doing business in the State of Texas and purports to be prior mortgagee of Plaintiff's mortgage loan made the subject of this suit, and the purchaser of Plaintiff's homestead property, but according to the Texas Secretary of State, Defendant Deutsche Bank does not maintain a registered agent for service of process in the State of Texas; and therefore, Defendant Deutsche Bank may be served with process pursuant to the Texas Long-Arm Statute, TEX. CIV. PRAC. & REM. CODE § 17.044 et seq., by serving the Texas Secretary of State, Citations Unit, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701, with two (2) copies of the citation and this petition, who may then serve the same upon any authorized officer, director or designated agent of Defendant Deutsche Bank at its last known home office address of 60 Wall Street, New York, NY 10005

4.      Upon information and belief, Defendant PHH Mortgage Corporation ("PHH"), is a mortgage lender specializing in residential loans doing business in the State of Texas and purports to be the servicer of the Plaintiff's mortgage loan that is made the subject of this suit, and may be served with process by serving its registered agent, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin Texas 78701.

### III.

### JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.     The Plaintiffs seek:

        a.      monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees; and,

        b.      injunctive relief in the form of a temporary restraining order and temporary injunction.

7.     This court has personal jurisdiction herein because the Defendants are Texas residents and/or routinely engages in or transacts business with sufficient minimum contacts in the State of Texas.

8.     Venue is proper in Montgomery County, Texas in this cause pursuant to TEX. CIV. PRAC. & REM. CODE § 15.011 et seq., and because this action involves real property situated entirely in Montgomery County, Texas, and because all of the acts, events and/or occurrences that form the basis of this lawsuit occurred or either obligated to incur, occurred in Montgomery County, Texas.

## IV.

## FACTUAL ALLEGATIONS

9.     Plaintiff Nicolas S. Nicolas purchased the real property and improvements commonly known as 84 W. Sandalbranch Cir., The Woodlands, Texas 77382, and legally described, to wit as being:

> **LOT ELEVEN (11) IN BLOCK ONE (1), OF THE WOODLANDS VILLAGE OF ALDEN BRIDGE, SECTION EIGHTEEN (18), A SUBDIVISION IN MONTGOMERY COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET H, SHEET 152B OF THE MAP RECORDS OF MONTGOMERY COUNTY, TEXAS. ("Property");**

which is currently the Plaintiff's homestead. **At all relevant and material times hereto, Plaintiffs were and still are the fee simple owners of the subject Property**. (emphasis added).

At the same time, November 22, 2000, Plaintiff also applied for and obtained a mortgage loan from Original Mortgages Direct in the original principal amount of $168,000.00, which loan was secured by a Deed of Trust of even date and recorded in the official real property records of Montgomery County, Texas under Clerks, File/ Instrument Number 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. The Plaintiff was able to put down $90,000 towards the home.

10.    Upon information and belief, the Plaintiffs applied for and obtained a Texas Home Equity Loan, on or about August 3, 2005, to assist the Plaintiff in building his auto sales business by expanding his current inventory and pay off the original note.  The first security lien instrument was prepared by Mortgages Direct (the "Original Lender") of even date, evidenced by a Promissory Note in the original principle amount of $168,000.00 plus interest, and executed by the Plaintiffs to Everett L. Anschutz, Jr., as the Trustee.  A true and correct copy of the Texas Home Equity Security Instrument and Affidavit/Agreement to evidence this home equity loan is attached hereto and marked as Exhibit "B" and incorporated herein by reference for all purposes.

11.    Upon information and belief, the Plaintiffs timely paid all monthly home equity loan payments due under the Loan to the lender American Home Mortgage Servicing, Inc., the previous servicer, until late 2008 when his business started to fail, and the Plaintiff eventually closed his auto sales business. Due to the lack of income the Plaintiff was forced to file a Bankruptcy case in the Southern District of Texas under case number 08-31441.

12.    Upon information and belief, the Plaintiff was able to obtain employment from a small business owner but due to the business being slow he was unable to continue making his monthly payments to the Trustee and the case dismissed on December 22, 2008. Prior to the case closing on March 15, 2009 the loan was conveyed from American Home Mortgage Servicing, Inc. to Defendant Deutsche Bank National Trust Company, As Indenture Trustee For American

Home Mortgage Investment Trust 2006-3 with Ocwen Servicing as the servicing company.

13.     After the dismissal, the Plaintiff was unable to get a single point of contact and loss mitigation options were difficult to get an answer on. When the Plaintiffs attempted to get an answer or assistance, he was bounced from one representative to another with no resolve. While still attempting to resolve his delinquent amounts the Plaintiff continued to work towards obtaining gainful employment.

14.     For almost eight (8) years the Plaintiff survived on one income. Slowly his money started to run thin, and in late 2016 the Plaintiff became ill. He would require multiple office and hospital visits. Eventually, the Plaintiff would require emergency surgery that would require he move to a part-time employer. The Plaintiff did the best he could financially to stay current but eventually would be forced into a Bankruptcy case in the Southern District of Texas under case number 18-36274.

15.     Due to his current health, the Plaintiff was in and out of the hospital and would suffer from his gallbladder rupturing and requiring surgery. At this time the Plaintiff was informed that he would need to have a liver transplant and was placed on the donor list around this time and is still waiting for a transplant. The Bankruptcy case was dismissed subsequent to this on January 23, 2019 for failure to make plan payments.

16.     After the dismissal of his case the Plaintiff was worried about losing his property and would immediately reach out new Defendant PHH in hopes of working out home retention options. Plaintiff would be forced to make multiple phone calls to the Defendant but was unable to get a clear plan or answer on whether or not loss mitigation options would be available. During this time the Plaintiff was employed full time and his sons moved back into the property to contribute to retaining the property.

17. Plaintiff after months of phone calls and being bounced from one representative to the next the Plaintiff would grow increasingly concerned about his property and to protect his home filed a Bankruptcy case in the Southern District of Texas under case number 19-35575 on October 1, 2019.

18. This case was dismissed on January 7, 2020 with prejudice to filing due to not providing tax returns and unfortunately the Plaintiff has retained a third-party company to file his returns but has been unable to acquire the filed returns in time to resolve the Trustees Motion to Dismiss.

19. Even though there is a history of Bankruptcy filing but the Plaintiff is only attempting to save his home and with the Defendant not offering a reasonable and practical solution the Plaintiff was backed into a corner with no other option.

20. **As of the date of the filing of this lawsuit, the Plaintiff has been denied his contractual and statutory rights as well as mislead and misdirected during the homeowner's assistance process, while strategically placing the Plaintiff in a position to foreclose on their property. Further, Defendant Deutsche Bank National Trust Company, As Indenture Trustee For American Home Mortgage Investment Trust 2006-3 and PHH Mortgage Corporation, failed to comply with the regulations laid out by the Consumer Finance Protection Bureau ("CFPB"), for every time they created confusion by speaking with a different representative and having to explain the same story over and over again. All contrived in such a way as to debase the homeowner's assistance process which serves as a mere pretext designed to divest the Plaintiffs of their home. (emphasis added).**

V.

**FIRST CAUSE OF ACTION –
COMMON LAW FRAUD**

21.     Plaintiff hereby incorporates by reference and realleges all material allegations of fact set forth in Section IV above as if fully set forth herein.

22.     The acts conduct and/or omissions of the Defendants as described herein, *supra*, also constitute common law fraud and are the proximate cause of the actual damages sustained and incurred by the Plaintiffs within the minimum jurisdictional limits of this Court.

23.     **Further, the acts, conduct and/or omissions of Defendant, failure to provide Plaintiff notice specifically advising the Plaintiffs of the exact amount to cure the alleged default, before accelerating the Loan and posting Plaintiff's homestead property for foreclosure sale also constitute the intentional and/or knowing making false representations of material fact which the Plaintiffs relied upon to their detriment, and which are also a producing cause of the actual damages sustained and incurred by the Plaintiffs in excess of the minimum jurisdictional limits of this Court**. (emphasis added).

24.     As to each of the acts, conduct and/or omissions of the Defendants, as described herein that constitute common law fraud were committed intentionally, knowingly and/or with malice, or a conscious indifference as to the rights of the Plaintiffs, Plaintiffs are entitled to and hereby seeks an award of exemplary damages in excess of the minimum jurisdictional limits of this Court.

## VI.

### SECOND CAUSE OF ACTION - VIOLATIONS OF RESPA AND REGULATION X OF THE CODE OF FEDERAL REGULATIONS

25.     Plaintiff hereby incorporates by reference and realleges all material allegations of fact set forth in Sections IV and V above as if fully set forth herein.

26.     **The acts, conduct and/or omissions of Defendants, which at all material times hereto was acting in its alleged capacity as a "mortgage holder and servicer" also constitute violations of Regulation X of the Code of Federal Regulations established by the Consumer Financial Protection Bureau, 12 C.F.R. § 1024.41 et seq., which became effective as of January 10, 2014, because Defendant PHH Mortgage, made several misrepresentations of material fact to the Plaintiffs, who relied upon those misrepresentations to their detriment, and which are a producing cause of the actual damages sustained and incurred by the Plaintiffs in excess of the minimum jurisdictional limits of this Court**. (emphasis added).

27.     **Pursuant the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605(f), the Plaintiffs have a private right of action providing for remedies for the claimed breaches of Regulation X, including actual damages, costs, statutory damages and attorney's fees**. (emphasis added).

28.     **Plaintiff's Loan is a "federally related loan" as that term is defined by 12 C.F.R. § 1026.41(e)(4), and Defendants are subject to these regulations and does not qualify for the exception for a "qualified lender" as defined in 12 C.F.R. § 617.700**. (emphasis added).

29.     As to each of the acts, conduct and/or omissions of Defendants, as the mortgage holder and servicer, as described herein constitute violations of RESPA and Regulation X and were committed intentionally, knowingly and/or with malice, or a conscious indifference as to the rights of the Plaintiffs, Plaintiffs are entitled to and hereby seeks an award of exemplary damages in excess of the minimum jurisdictional limits of this Court.

**VII.**

**FIFTH CAUSE OF ACTION -
VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT (TDCA)**

30. Plaintiffs hereby incorporates by reference and realleges all material allegations of fact set forth in Sections IV, V, and VI above as if fully set forth herein.

31. **The acts, conduct and/or omissions of Defendants, failing to provide Plaintiffs with any subsequent Notice of Default and Opportunity to Cure notice after accepting payments, and instead proceeding to accelerate the Plaintiff's Loan and post their homestead property for foreclosure sale each constitutes violations of the Texas Debt Collection Act, TEX. FIN. CODE § 392.001 et seq. ("TDCA"), because all of those communications constitute the intentional and/or knowing mischaracterization of the character, amount or extent of the debt to be collected, and which false representations of material fact Plaintiffs relied upon to their detriment, and which are a producing cause of the actual damages sustained and incurred by the Plaintiffs in excess of the minimum jurisdictional limits of this Court.** (emphasis added).

32. **Specifically, Defendants acts, conduct or omissions as described herein constitute violations of the following provisions of the TDCA: § 392.301(a)(7)-*threatening that nonpayment of a consumer debt will result in the seizure, repossession, or sale of the person's property without proper court proceedings*; and § 392.301(a)(8)-*threatening to take an action prohibited by law; and further* § 392.304(a)(8) – *misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer's debt status in a judicial or governmental proceeding*; and § 392.304(a)(19) – *using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer* and which violations are a producing cause of the actual damages sustained and incurred by the Plaintiffs in excess of the minimum jurisdictional limits of this Court.** (emphasis added).

33.     As to each of the acts, conduct and/or omissions of Defendants acting in its capacity as a "debt collector" which constitute violations of TDCA were committed intentionally, knowingly and/or with malice, or a conscious indifference as to the rights of the Plaintiffs, Plaintiffs are entitled to and hereby seeks an award of exemplary damages in excess of the minimum jurisdictional limits of this Court.

## VIII.

## NOTICE OF AUTOMATIC ABATEMENT OF RULE 736 PROCEEDING AND ANY ORDER AUTHORIZING FORECLOSURE

34.     Plaintiffs hereby incorporates by reference and realleges all material allegations of fact set forth in Sections IV, V, VI and VII above as if fully set forth herein.

35.     Pursuant to Texas Rule of Civil Procedure 736.11, Plaintiffs hereby notifies Defendants, and any of its attorneys, trustees and/or substitute trustees, that the filing of this Petition on or before 5:00 p.m. on the Monday preceding the scheduled Tuesday March 2, 2020 foreclosure sale, automatically abates the 736 proceeding and the Order to Proceed with Notice of Foreclosure and Foreclosure Sale entered therein, because Plaintiffs have placed into issue matters involving the origination, servicing and/or enforcement of the Home Equity Mortgage lien sought to be foreclosed upon.

36.     Plaintiffs further notifies the Defendants and any of its attorneys, trustees and/or substitute trustees that pursuant to Texas Rule of Civil Procedure 736.11, any foreclosure sale that may be conducted after the timely filing of this Petition is void, *ab initio*, and of no force or effect whatsoever.

## X.

## ATTORNEY'S FEES

37.     Request is made for all costs and reasonable and necessary attorney's fees

incurred by or on behalf of the Plaintiffs herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Section 37.001 et seq. of the Texas Civil Practices and Remedies Code; (b) RESPA, 12 U.S.C. §2605(f) and Regulation X, 12 C.F.R. §1024(f)(2)(i), (c) the Texas Debt Collection Practices Act, TEX. FIN. CODE § 392.001 et seq., and (d) common law.

## XI.

## **JURY DEMAND**

38.     Plaintiffs hereby requests that all issues of fact be tried before a jury.

## XII.

## **PRAYER**

39.     **WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Nicolas S. Nicolas, respectfully prays that the Defendants be cited to appear and answer herein, and that upon the final trial of this cause, judgment be entered in favor of the Plaintiffs, and against the Defendants for an award of all actual damages sustained and incurred for common law fraud; and for an award of all actual and statutory damages for violations of RESPA and Regulation X of the Code of Federal Regulations and violations of the Texas Debt Collection Act; and for all economic and actual damages requested herein in an amount in excess of the minimum jurisdictional limits of the Court, together with pre-judgment and post-judgment interest at the maximum rate allowed by law, including exemplary damages as prayed for herein, and for an award of all attorney's fees and costs of court incurred, and for such other and further relief, whether at law or in equity, to which the Plaintiffs may be justly entitled.

Respectfully submitted,

**ALEXANDER LAW, PLLC**

*/s/ Brandy Michelle Alexander*
Brandy Michelle Alexander
Texas State Bar No. 24108421
6200 Savoy Drive, Suite 1202
Houston, Texas 77036
Telephone: (832)-460-3307
Facsimile: (832) 460-3334
brandyalexander@alexanderpllc.com
Attorney for Plaintiff

## VERIFICATION

STATE OF TEXAS                           §
                                         §
COUNTY OF _Harris_                       §

    BEFORE ME, the undersigned notary public, on this day personally appeared
_____Nicolas Semaan Nicolas_____ who, after being duly sworn upon his oath, testified as follows:

    "My name is _____Nicolas Semaan Nicolas_____ I am the Plaintiff named in the attached and foregoing PLAINTIFF'S ORIGINAL VERIFIED PETITION. I am over the age of 21 years and have never been convicted of a felony or other crime involving moral turpitude. I \have personal knowledge of all of the facts set forth in the PLAINTIFF' ORIGINAL PETITION and hereby state that every factual statement set forth therein is true and correct.

    FURTHER AFFIANT SAYETH NOT."

    EXECUTED this _____ day of _____, 2019.

_____          _Nicolas Nicolas_____
Signature                                  Print

**SUBSCRIBED AND SWORN BEFORE ME** on this 25 day of Feb , 2020 , by Client, to certify which witness my hand and official seal.

SCARLET PATRICE TOLBERT
NOTARY PUBLIC, STATE OF TEXAS
MY COMM. EXP. 07/16/2023
NOTARY ID 13209933-4

_____
Notary Public in and for the State of Texas
_Scarlett Tolbert_____
Printed Name of Notary Public

My Commission Expires on: _07/16/2023_

(seal)

*Alexander Law, PLLC*

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

Alamo Title - 21

GF# 00-42100355

Chase Manhattan Mortgage Corporation
780 Kansas Ln, Suite B
Monroe, LA 71203

2000-100548

——————— [Space Above This Line For Recording Data] ———————

# DEED OF TRUST

Loan No. ██████

THIS DEED OF TRUST ("Security Instrument") is made on **November 22, 2000.** The grantor is **Nicolas Nicolas and wife, Gale J. Nicolas** ("Borrower"). The trustee is **Everett L. Anschutz, Jr.,** whose address is **2425 West Loop South, Suite 800 Houston, TX 77027-4207** ("Trustee"). The beneficiary is **Mortgages Direct,** which is organized and existing under the laws of **The State of Texas,** and whose address is **2000 Bering Dr, Suite 550, Houston, TX 77057** ("Lender"). Borrower owes Lender the principal sum of **One Hundred Sixty Eight Thousand and no/100** Dollars (U.S. **$168,000.00**). This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on **December 1, 2030.** This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in **Montgomery** County, Texas:

> **Lot Eleven (11) in Block One (1), of The Woodlands Village of Alden Bridge, Section Eighteen (18), a subdivision in Montgomery County, Texas, according to the map or plat thereof recorded in Cabinet H, Sheet 152B of the Map Records of Montgomery County, Texas**

which has the address of **84 W. Sandalbranch Cir, The Woodlands, TX 77382** ("Property Address");

**TEXAS** -- Single Family-- **Fannie Mae/Freddie Mac Uniform Instrument**
GREATLAND ■
ITEM 1968L1 (9602)                              (Page 1 of 7 pages)

**Form 3044 9/90**
(R&A) cdot tx

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    Loan No.: ▮▮▮▮

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; (e) yearly mortgage insurance premiums, if any; and (f) any sums payable by Borrower to Lender, in accordance with the provisions of paragraph 8, in lieu of the payment of mortgage insurance premiums. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If, under paragraph 21, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied: first, to any prepayment charges due under the Note; second, to amounts payable under paragraph 2; third, to interest due; fourth, to principal due; and last, to any late charges due under the Note.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain

**TEXAS** -- Single Family-- **Fannie Mae/Freddie Mac Uniform Instrument**                                                      **Form 3044 9/90**
GREATLAND ▪                                                                                                                          (R&A)  cdot tx
ITEM 1968L2 (9602)                                            (Page 2 of 7 pages)

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

priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, Lender may, at Lender's option, obtain coverage to protect Lender's rights in the Property in accordance with paragraph 7.

All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within 30 days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The 30-day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If under paragraph 21 the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default and reinstate, as provided in paragraph 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender does not have to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Mortgage Insurance.** If Lender required mortgage insurance as a condition of making the loan secured by this Security Instrument, Borrower shall pay the premiums required to maintain the mortgage insurance in effect. If, for any reason, the mortgage insurance coverage required by Lender lapses or ceases to be in effect, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the mortgage insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the mortgage insurance previously in effect, from an alternate mortgage insurer

TEXAS -- Single Family-- **Fannie Mae/Freddie Mac Uniform Instrument**
GREATLAND ■
ITEM 1968L3 (9602)                                 (Page 3 of 7 pages)

Form 3044 9/90
(R&A) cdot tx

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

Loan No.: ████

approved by Lender. If substantially equivalent mortgage insurance coverage is not available, Borrower shall pay to Lender each month a sum equal to one-twelfth of the yearly mortgage insurance premium being paid by Borrower when the insurance coverage lapsed or ceased to be in effect. Lender will accept, use and retain these payments as a loss reserve in lieu of mortgage insurance. Loss reserve payments may no longer be required, at the option of Lender, if mortgage insurance coverage (in the amount and for the period that Lender requires) provided by an insurer approved by Lender again becomes available and is obtained. Borrower shall pay the premiums required to maintain mortgage insurance in effect, or to provide a loss reserve, until the requirement for mortgage insurance ends in accordance with any written agreement between Borrower and Lender or applicable law.

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender.

In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 17. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Loan Charges.** If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Note.

**14. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**TEXAS** -- Single Family-- **Fannie Mae/Freddie Mac Uniform Instrument**

GREATLAND ■
ITEM 1968L4 (9602)

Form 3044 9/90
(R&A) cdot ox

(Page 4 of 7 pages)

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

Loan No.: ▮▮▮▮

**15. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**16. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower's Right to Reinstate.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earlier of: (a) 5 days (or such other period as applicable law may specify for reinstatement) before sale of the Property pursuant to any power of sale contained in this Security Instrument; or (b) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower:
(a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees; and (d) takes such action as Lender may reasonably require to assure that the lien of this Security Instrument, Lender's rights in the Property and Borrower's obligation to pay the sums secured by this Security Instrument shall continue unchanged. Upon reinstatement by Borrower, this Security Instrument and the obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under paragraph 17.

**19. Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 14 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made. The notice will also contain any other information required by applicable law.

**20. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 20, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 20, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**21. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under paragraph 17 unless applicable law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its**

TEXAS -- Single Family-- Fannie Mac/Freddie Mac Uniform Instrument

Form 3044 9/90

GREATLAND ■
ITEM 1968L5 (9602)

(Page 5 of 7 pages)

(R&A) cdzx tx

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

option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 21, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and recording the notice at least 21 days prior to sale as provided by applicable law. Lender shall mail a copy of the notice of sale to Borrower in the manner prescribed by applicable law. Sale shall be made at public vendue between the hours of 10 a.m. and 4 p.m. on the first Tuesday of the month. Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying indefeasible title to the Property with covenants of general warranty. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all the sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this paragraph 21, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at the sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

**22. Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument to Borrower. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

**23. Substitute Trustee.** Lender, at its option, and with or without cause, may from time to time remove Trustee and appoint, by power of attorney or otherwise, a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

**24. Subrogation.** Any of the proceeds of the Note used to take up outstanding liens against all or any part of the Property have been advanced by Lender at Borrower's request and upon Borrower's representation that such amounts are due and are secured by valid liens against the Property. Lender shall be subrogated to any and all rights, superior titles, liens and equities owned or claimed by any owner or holder of any outstanding liens and debts, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

**25. Partial Invalidity.** In the event any portion of the sums intended to be secured by this Security Instrument cannot be lawfully secured hereby, payments in reduction of such sums shall be applied first to those portions not secured hereby.

**26. Waiver of Notice of Intention to Accelerate.** Borrower waives the right to notice of intention to require immediate payment in full of all sums secured by this Security Instrument except as provided in paragraph 21.

**27. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box(es)]

| | | |
|---|---|---|
| [ ] Adjustable Rate Rider | [ ] Condominium Rider | [ ] 1-4 Family Rider |
| [ ] Graduated Payment Rider | [X] Planned Unit Development Rider | [ ] Biweekly Payment Rider |
| [ ] Balloon Rider | [ ] Rate Improvement Rider | [ ] Second Home Rider |
| [ ] | | [ ] Mortgage Insurance Rider |

**TEXAS** -- Single Family-- **Fannie Mae/Freddie Mac Uniform Instrument**

GREATLAND ■
ITEM 1968L6 (9602)

(Page 6 of 7 pages)

**Form 3044 9/90**
(R&A) cdot.tx

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

Loan No.: ▮▮▮▮▮

**28. Purchase Money; Vendor's Lien;** The note secured hereby is primarily secured by the Vendor's Lien retained in Deed of even date herewith conveying the property to Borrower, which Vendor's Lien has been assigned to Lender, this Deed of Trust being additional security therefor.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 7 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)
Nicolas Nicolas                  -Borrower

_____ (Seal)
Gale J. Nicolas                  -Borrower

_____ (Seal)
                                 -Borrower

_____ (Seal)
                                 -Borrower

STATE OF TEXAS, Montgomery County ss:

This instrument was acknowledged before me on 11 22 2000, by Nicolas Nicolas and wife, Gale J. Nicolas.

_____
Notary Public

_____
Printed Name of Notary Public

CHRISTINA SIMMONS
Notary Public, State of Texas
Commission Expires 04-07-2001

**RECORDER'S MEMORANDUM:**
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blackouts, additions and changes were present at the time the instrument was filed and recorded.

**TEXAS** -- Single Family-- **Fannie Mae/Freddie Mac Uniform Instrument**
GREATLAND ■
ITEM 1968L7 (9602)                (Page 7 of 7 pages)

Form 3044 9/90
(R&A) cdot tx

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

Loan No.: ███████

# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this **twenty second** day of **November, 2000,** and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date, given by the undersigned (the "Borrower") to secure Borrower's Note to

**Mortgages Direct**
(the "Lender")

of the same date and covering the Property described in the Security Instrument and located at:

**84 W. Sandalbranch Cir**
**The Woodlands, TX 77382**
[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with other such parcels and certain common areas and facilities, as described in **The Covenants, Conditions and Restrictions applicable to subject property** (the "Declaration"). The Property is a part of a planned unit development known as

**Village of Alden Bridge, Section Eighteen**
[Name of Planned Unit Development]

(the "PUD"). The Property also includes Borrower's interest in the Homeowners Association or equivalent entity owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses, benefits and proceeds of Borrower's interest.

**PUD COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A.     PUD Obligations.** Borrower shall perform all of Borrower's obligations under the PUD's Constituent Documents. The "Constituent Documents" are the: (i) Declaration; (ii) articles of incorporation, trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and assessments imposed pursuant to the Constituent Documents.

MULTISTATE PUD RIDER–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        **Form 3150 9/90**
GREATLAND ■                                                                    (R&A) crd_pud.mls
ITEM 1622L1 (9612)                        (Page 1 of 3 pages)

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

Loan No.: ███████

**B.** **Hazard Insurance.** So long as the Owners Association maintains a generally accepted insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and which provides insurance coverage in the amounts, for the periods, and against the hazards Lender requires, including fire and hazards included within the term "extended coverage," then:

    (i) Lender waives the provision in Uniform Covenant 2 for the monthly payment to Lender of the yearly premium installments for hazard insurance on the Property; and

    (ii) Borrower's obligation under Uniform Covenant 5 to maintain hazard insurance coverage on the Property is deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

Borrower shall give Lender prompt notice of any lapse in required hazard insurance coverage provided by the master or blanket policy.

In the event of a distribution of hazard insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower are hereby assigned and shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, with any excess paid to Borrower.

**C.** **Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D.** **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Uniform Covenant 10.

**E.** **Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to:

    (i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain;

    (ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender;

    (iii) termination of professional management and assumption of self-management of the Owners Association; or

    (iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F.** **Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender may pay them. Any amounts disbursed by Lender under this paragraph F shall become additional debt of

MULTISTATE PUD RIDER-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT            **Form 3150 9/90**
GREATLAND ■                                                    (R&A) crd_pud.mls
ITEM 1622L2 (9612)                       (Page 2 of 3 pages)

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

Loan No.: ▓▓▓▓▓▓

Borrower secured by the Security Instrument.  Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in pages 1 through 3 of this PUD Rider.

_____ (Seal)
Nicolas Nicolas                      -Borrower

_____ (Seal)
Gale J. Nicolas                      -Borrower

_____ (Seal)
                                     -Borrower

_____ (Seal)
                                     -Borrower
[Sign Original Only]

**MULTISTATE PUD RIDER**-Single Family-Fannie Mac/Freddie Mac UNIFORM INSTRUMENT          Form 3150 9/90
GREATLAND ■                                                                              (R&A) crd_pud.mls
ITEM 1622L3  (9612)                        (Page 3 of 3 pages)

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

TOTAL P.04

RETURN TO:
Chase Manhattan Mortgage Corporation
780 Kansas Ln, Suite B
Monroe, LA 71203
Loan Number ▮▮▮▮▮▮

_____ [Space Above This Line For Recording Data] _____

## ASSIGNMENT

THE STATE OF TEXAS
COUNTY OF Montgomery

    Mortgages Direct ("Assignor"), for a valuable consideration to it in hand paid by Chase Manhattan Mortgage Corporation ("Assignee"), the receipt and sufficiency of which is hereby acknowledged, does hereby transfer, convey and assign to Assignee that one certain promissory note in the original principal sum of **$168,000.00** dated **November 22, 2000**, executed by **Nicolas Nicolas** payable to the order of Assignor, secured by a Mortgage, Deed of Trust or Security Instrument executed by **Nicolas Nicolas and wife, Gale J. Nicolas** of even date therewith to **Everett L. Anschutz, Jr.**, Trustee, filed for record in _____ of the Official Public Records of Real Property of Montgomery County, Texas, covering the following described property:

    **Lot Eleven (11) in Block One (1), of The Woodlands Village of Alden Bridge, Section Eighteen (18), a subdivision in Montgomery County, Texas, according to the map or plat thereof recorded in Cabinet H, Sheet 152B of the Map Records of Montgomery County, Texas**

reference to which Mortgage, Deed of Trust or Security Instrument is here made for all purposes; and Assignor does hereby transfer, convey and assign to Assignee all liens, rights, equities and remedies held by Assignor, securing the payment of said note, together with all of Assignor's rights, title, interest and claims in and to the aforesaid property.

    Executed on _November 22, 2000_ .

 

                           **Mortgages Direct**

                           By: _____
                           Printed Name: _Michael J. Main_
                           Title: _Operations Manager_

THE STATE OF _Texas_      §
COUNTY OF _Harris_      §

    This instrument was acknowledged before me on _November 22 2000_ , by _Michael J. Main_ , _Officer_ of Mortgages Direct, on behalf of said corporation.

                           _Melody A. Brummett_
                           NOTARY PUBLIC

MELODY A. BRUMMETT
Notary Public, State of Texas
My Commission Expires
January 01, 2001

(Seal)                   My commission expires:

Prepared By: Robertson & Anschutz, P.C., 2425 West Loop South, Suite 800, Houston, TX 77027-4207

(R&A)txasasigs.tx

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

FILED FOR RECORD

00 NOV 28 PM 3: 24

MARK TURNBULL CO. CLERK
MONTGOMERY COUNTY, TEXAS

_____ DEPUTY



2000-100547   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   **Alamo Title**

GF # 42100355

## WARRANTY DEED WITH VENDOR'S LIEN

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | {} | |
| | {} | **KNOW ALL MEN BY THESE PRESENTS:** |
| **COUNTY OF MONTGOMERY** | {} | |

THAT, ROBERT J. DZBENSKI and DIANA DZBENSKI, husband and wife, of the State of Texas, hereinafter referred to as Grantor, for and in consideration of the sum of TEN AND NO/100THS Dollars ($10.00) cash and other good and valuable consideration paid by NICOLAS NICOLAS and GALE J. NICOLAS, husband and wife, whose mailing address is 84 West Sandalbranch Circle, The Woodlands, Texas 77382, hereinafter referred to as Grantee, and further in consideration of the execution and delivery by Grantee of that one certain Promissory Note of even date herewith in the principal sum of ONE HUNDRED SIXTY-EIGHT THOUSAND AND NO/100 DOLLARS ($168,000.00), bearing interest and payable to the order of MORTGAGES DIRECT, hereinafter referred to as "Lender," as therein stipulated, it having advanced such sum to Grantee at Grantee's special instance and request as part of the purchase money for the property herein conveyed, and in addition to the Vendor's Lien herein retained, said Note is further described in and secured by a Deed of Trust of even date herewith executed and delivered by Grantee to Everett L. Anschutz, Jr., as Trustee; has Granted, Sold, and Conveyed, and by these presents does Grant, Sell, and Convey unto the said Grantee, all that certain tract, piece, or parcel of land lying and situated in the County of Montgomery, State of Texas, to-wit:

> Lot Eleven (11), in Block One (1), of THE WOODLANDS VILLAGE OF ALDEN BRIDGE, SECTION EIGHTEEN (18), a subdivision in Montgomery County, Texas, according to the map or plat thereof, recorded in Cabinet H, Sheet 152B of the Map Records of Montgomery County, Texas.

TO HAVE AND TO HOLD the above-described premises, together with all and singular the rights, hereditaments and appurtenances thereunto in any manner belonging unto the said Grantee, Grantee's heirs and assigns forever and Grantor does hereby bind Grantor, Grantor's heirs, executors, and administrators, to warrant and forever defend, all and singular the same unto the said Grantee, Grantee's heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same, or any part thereof.

But it is expressly agreed and stipulated that the Vendor's Lien and Superior Title is retained against the above-described property, premises and improvements, until the above-described Note, and all interest thereon are fully paid according to its face and tenor, effect and reading, when this Deed shall become absolute and Grantor does hereby transfer, assign and convey unto Lender said Vendor's Lien and Superior Title and all rights, titles, liens and equities in, to, and upon the hereinabove described property.

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

This conveyance is made subject to all and singular the restrictions, easements and covenants, if any, applicable to and enforceable against the above described property as shown by the records of said Montgomery County, Texas.

When this deed is executed by more than one person, or when the Grantee is more than one person, the instrument shall read as though pertinent verbs, nouns, and pronouns were changed correspondingly, and when executed by or to a corporation or other entity other than a natural person, the words, "heirs, executors, and administrators" or "heirs and assigns" shall be construed to mean "successors and assigns".

EXECUTED this 18 day of April, 200 0, but effective the 18 day of April, 200 0.

_____
ROBERT J. DZBENSKI

_____
DIANA DZBENSKI

THE STATE OF Texas §

COUNTY OF Montgomery §

This instrument was acknowledged before me on the 18 day of April, 200 0, by the said ROBERT J. DZBENSKI.

_____
NOTARY PUBLIC
STATE OF Texas
Name: _____
Commission expires: _____

PATRICIA S. BRILEY
Notary Public, State of Texas
My Commission Expires
MAY 30, 2001

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

THE STATE OF Texas §

COUNTY OF Montgomery

    This instrument was acknowledged before me on the 18 day of April , 200 0,
by the said DIANA DZBENSKI.

PATRICIA S. BRILEY
Notary Public, State of Texas
My Commission Expires
MAY 30, 2001

Patricia S. Briley
**NOTARY PUBLIC**
**STATE OF** Texas
**Name:** _____
**Commission expires:** _____

FILED FOR RECORD
00 NOV 28 PM 3: 24
MARK TURNBULL, CO. CLERK
MONTGOMERY COUNTY, TEXAS
_____ DEPUTY

**After recording, please return to:**

Mr. + Mrs. Nicholas
84 W. Sandle Branch
The Woodlands TX 7738



STATE OF TEXAS
COUNTY OF MONTGOMERY
  I hereby certify that this instrument was filed in
File Number Sequence on the date and at the time
stamped herein by me and was duly RECORDED in
the official Public Records of Real Property of
Montgomery County, Texas

NOV 2 8 2000

Mark Turnbull
COUNTY CLERK
MONTGOMERY COUNTY, TEXAS

2005-088920

**FILED BY**
**ALAMO TITLE COMPANY**



Return To:
HLB Mortgage
520 Broadhollow Road
Melville, NY
11747

8 9 1 - 1 0 - 0 3 2 3

Prepared By:
Andrea Heidorn
1245 E. Diehl Road
Suite 305
Naperville, IL 60563

——————————— [Space Above This Line for Recording Data] ———————————

THIS SECURITY INSTRUMENT SECURES AN EXTENSION OF CREDIT AS DEFINED BY
SECTION 50(a)(6), ARTICLE XVI OF THE TEXAS CONSTITUTION.

# TEXAS HOME EQUITY SECURITY INSTRUMENT
## (First Lien)

This Security Instrument is not intended to finance Borrower's acquisition of the Property.

## NOTICE OF CONFIDENTIALITY RIGHTS:

**If you are a natural person, you may remove or strike any of the following information from this instrument before it is filed for record in the public records: your social security number or your driver's license number.**

### DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 10, 12, 17, 19, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 15.

**(A) "Security Instrument"** means this document, which is dated August 3, 2005 ,
together with all Riders to this document.

**(B) "Borrower"** is Nicolas S Nicolas, AND GALE J NICOLAS, HUSBAND AND WIFE

Borrower is the grantor under this Security Instrument.

DOC # ▉▉▉▉▉                    APPL # ▉▉▉▉▉

TEXAS HOME EQUITY SECURITY INSTRUMENT (First Lien)-Fannie Mae/Freddie Mac UNIFORM
INSTRUMENT      Form 3044.1 1/01

-8036(TX) (0411).01      (rev. 10/03)

Page 1 of 18          Initials:

UM51 0411.01
VMP Mortgage Solutions, Inc (800)521-7291

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

**(C) "Lender"** is  HLB Mortgage

Lender is a Corporation
organized and existing under the laws of  State of New York
Lender's address is  520 Broadhollow Road, Melville, NY  11747

Lender includes any holder of the Note who is entitled to receive payments under the Note. Lender is the beneficiary under this Security Instrument.
**(D) "Trustee"** is  MATTHEW HADDOCK

. Trustee's address is

210 W. 6TH STREET, SUITE 1206, Fort Worth, TX  76102

**(E) "Note"** means the promissory note signed by Borrower and dated  August 3, 2005
The Note states that Borrower owes Lender  Two Hundred Two Thousand Six Hundred Ninety
and No/100                                                                                    Dollars
(U.S. $202,690.00                ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than     September 1, 2025          .
**(F) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."
**(G) "Extension of Credit"** means the debt evidenced by the Note, as defined by Section 50(a)(6), Article XVI of the Texas Constitution and all the documents executed in connection with the debt.
**(H) "Riders"** means all riders to this Security Instrument that are executed by Borrower. The following riders are to be executed by Borrower [*check box as applicable*]:

☐ Texas Home Equity Condominium Rider          ☐ Other:
☒ Texas Home Equity Planned Unit Development Rider

**(I) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
**(J) "Community Association Dues, Fees, and Assessments"** means all dues, fees, and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
**(K) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
**(L) "Escrow Items"** means those items that are described in Section 3.
**(M) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
**(N) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

DOC  #: ▮▮▮▮                          APPL #: ▮▮▮▮

Initials:

-8036(TX)  (0411).01                        Page 2 of 18                        Form 3044.1  1/01 (rev. 10/03)

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

**(O)** "**RESPA**" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Extension of Credit does not qualify as a "federally related mortgage loan" under RESPA.

**(P)** "**Successor in Interest of Borrower**" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Extension of Credit, and all extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described Property located in the County of Montgomery :

  [Type of Recording Jurisdiction]    [Name of Recording Jurisdiction]

LOT ELEVEN (11), IN BLOCK ONE (1), OF THE WOODLANDS VILLAGE OF ALDEN BRIDGE, SECTION EIGHTEEN (18), A SUBDIVISION IN MONTGOMERY COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET H. SHEEP 162B OF THE MAP RECORDS OF MONTGOMERY COUNTY, TEXAS

Parcel ID Number: 97191801100    which currently has the address of
84 W Sandalbranch Circle             [Street]
The Woodlands       [City], Texas 77382  [Zip Code]
("Property Address"):

  TOGETHER WITH all the improvements now or hereafter erected on the Property, and all easements, appurtenances, and fixtures now or hereafter a part of the Property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property"; provided however, that the Property is limited to homestead property in accordance with Section 50(a)(6)(H), Article XVI of the Texas Constitution.

DOC #      APPL #

-8036(TX) (0411).01    Page 3 of 18    Initials:    044.1 1/01 (rev. 10/03)

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

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 14. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Extension of Credit current. Lender may accept any payment or partial payment insufficient to bring the Extension of Credit current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payment in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Extension of Credit current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

DOC #: ███████        APPL #: ███████

Initials: ███████

-8036(TX) (0411).01        Page 4 of 18        Form 3044.1 1/01 (rev. 10/03)

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

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; and (c) premiums for any and all insurance required by Lender under Section 5. These items are called "Escrow Items." At origination or at any time during the term of the Extension of Credit, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 14 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than twelve monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than twelve monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

DOC # ▓▓▓▓▓▓         APPL # ▓▓▓▓▓▓▓

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

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Extension of Credit.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Extension of Credit. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Extension of Credit, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

DOC # ███████   APPL # ███████

Initials: _____

-8036(TX) (0411) 01   Page 6 of 18   Form 3044.1 1/01 (rev. 10/03)

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

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 21 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower now occupies and uses the Property as Borrower's Texas homestead and shall continue to occupy the Property as Borrower's Texas homestead for at least one year after the date of this Security Instrument, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

DOC #:

APPL #:

VMP-8036(TX) (0411).01

Page 7 of 18

Initials:

Form 3044.1 1/01 (rev. 10/03)

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

**8. Borrower´s Loan Application.** Borrower's actions shall constitute actual fraud under Section 50(a)(6)(c), Article XVI of the Texas Constitution and Borrower shall be in default and may be held personally liable for the debt evidenced by the Note and this Security Instrument if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan or any other action or inaction that is determined to be actual fraud. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as a Texas homestead, the representations and warranties contained in the Texas Home Equity Affidavit and Agreement, and the execution of an acknowledgment of fair market value of the property as described in Section 27.

**9. Protection of Lender´s Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which must attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9. No powers are granted by Borrower to Lender or Trustee that would violate provisions of the Texas Constitution applicable to Extensions of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution or other Applicable Law.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous

DOC #: ▮▮▮▮▮          APPL #: ▮▮▮▮▮

Initials: ▮▮▮

VMP®-8036(TX) (0411).01          Page 8 of 18          Form 3044.1 1/01 (rev. 10/03)

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

Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding which is not commenced as a result of Borrower's default under other indebtedness not secured by a prior valid encumbrance against the homestead, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 18, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors

DOC #           APPL # 

-8036(TX) (0411).01                Page 9 of 18                Initials: _____ Form 3044.1 1/01 (rev. 10/03)

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

in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Joint and Several Liability; Security Instrument Execution; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any person who signs this Security Instrument, but does not execute the Note: (a) is signing this Security Instrument only to mortgage, grant and convey the person's interest in the Property under the terms of this Security Instrument and to comply with the requirements of Section 50(a)(6)(A), Article XVI of the Texas Constitution; (b) is not obligated to pay the sums secured by this Security Instrument and is not to be considered a guarantor or surety; (c) agrees that this Security Instrument establishes a voluntary lien on the homestead and constitutes the written agreement evidencing the consent of each owner and each owner's spouse; and (d) agrees that Lender and Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of the Note.

Subject to the provisions of Section 17, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 19) and benefit the successors and assigns of Lender.

**13. Extension of Credit Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Extension of Credit is subject to a law which sets maximum Extension of Credit charges, and that law is finally interpreted so that the interest or other Extension of Credit charges collected or to be collected in connection with the Extension of Credit exceed the permitted limits, then: (a) any such Extension of Credit charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender will make this refund by making a payment to Borrower. **The Lender's payment of any such refund will extinguish any right of action Borrower might have arising out of such overcharge.**

**14. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail (but, by certified mail if the notice is given pursuant to Section 19) to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have

DOC #: ▓▓▓▓▓      APPL # ▓▓▓▓▓

-8036(TX) (0411).01      Page 10 of 18      Initials N-N. Form 3044.1 1/01 (rev. 10/03)

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

been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**15. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the laws of Texas. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**16. Borrower´s Copies.** Borrower shall be given at the time this Extension of Credit is made, a copy of all documents signed by Borrower related to the Extension of Credit.

**17. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 17, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 14 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**18. Borrower´s Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses, insofar as allowed by Section 50(a)(6), Article XVI of the Texas Constitution, incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency,

DOC # ▮▮▮▮▮                APPL #: ▮▮▮▮▮



Initials: _____

-8036(TX) (0411).01                Page 11 of 18                Form 3044.1 1/01 (rev. 10/03)

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

instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 17.

**19. Sale of Note; Change of Loan Servicer; Notice of Grievance; Lender's Right-to-Comply.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Extension of Credit is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 14) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. For example, Section 50(a)(6)(Q)(x), Article XVI of the Texas Constitution, generally provides that a lender has 60 days to comply with its obligations under the extension of credit after being notified by a borrower of a failure to comply with any such obligation. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 21 and the notice of acceleration given to Borrower pursuant to Section 17 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 19.

It is Lender's and Borrower's intention to conform strictly to provisions of the Texas Constitution applicable to Extensions of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution.

All agreements between Lender and Borrower are hereby expressly limited so that in no event shall any agreement between Lender and Borrower, or between either of them and any third party, be construed not to allow Lender 60 days after receipt of notice to comply, as provided in this Section 19, with Lender's obligations under the Extension of Credit to the full extent permitted by Section 50(a)(6), Article XVI of the Texas Constitution. Borrower understands that the Extension of Credit is being made on the condition that Lender shall have 60 days after receipt of notice to comply with the provisions of Section 50(a)(6), Article XVI of the Texas Constitution. As a precondition to taking any action premised on failure of Lender to comply, Borrower will advise Lender of the noncompliance by a notice given as required by Section 14, and will give Lender 60 days after such notice has been received by Lender to comply. Except as otherwise required by Applicable Law, only after Lender has received said notice, has had 60 days to comply, and Lender has failed to comply, shall all principal and interest be forfeited by Lender, as required by Section 50(a)(6)(Q)(x), Article XVI of the Texas Constitution in connection with failure by Lender to comply with its obligations under this Extension of Credit. Borrower will cooperate in reasonable efforts to correct any failure by Lender to comply with Section 50(a)(6), Article XVI of the Texas Constitution.

DOC # ▮▮▮▮▮▮          APPL # ▮▮▮▮▮▮



-8036(TX) (0411).01          Page 12 of 18          Form 3044.1 1/01 (rev. 10/03)

Initials: ▮▮▮

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

In the event that, for any reason whatsoever, any obligation of Borrower or of Lender pursuant to the terms or requirements hereof or of any other loan document shall be construed to violate any of the provisions of the Texas Constitution applicable to Extensions of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution, then any such obligation shall be subject to the provisions of this Section 19, and the document may be reformed, by written notice from Lender, without the necessity of the execution of any amendment or new document by Borrower, so that Borrower's or Lender's obligation shall be modified to conform to the Texas Constitution, and in no event shall Borrower or Lender be obligated to perform any act, or be bound by any requirement which would conflict therewith.

All agreements between Lender and Borrower are expressly limited so that any interest, Extension of Credit charge or fee collected or to be collected (other than by payment of interest) from Borrower, any owner or the spouse of any owner of the Property in connection with the origination, evaluation, maintenance, recording, insuring or servicing of the Extension of Credit shall not exceed, in the aggregate, the highest amount allowed by Applicable Law.

It is the express intention of Lender and Borrower to structure this Extension of Credit to conform to the provisions of the Texas Constitution applicable to Extensions of Credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution. If, from any circumstance whatsoever, any promise, payment, obligation or provision of the Note, this Security Instrument or any other loan document involving this Extension of Credit transcends the limit of validity prescribed by Applicable Law, then any promise, payment, obligation or provision shall be reduced to the limit of such validity, or eliminated as a requirement if necessary for compliance with such law, and such document may be reformed, by written notice from Lender, without the necessity of the execution of any new amendment or new document by Borrower.

Lender's right-to-comply as provided in this Section 19 shall survive the payoff of the Extension of Credit. The provision of this Section 19 will supersede any inconsistent provision of the Note or this Security Instrument.

**20. Hazardous Substances.** As used in this Section 20: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a

DOC #

APPL #

Initials:

-8036(TX) (0411).01

Page 13 of 18

Form 3044.1  1/01 (rev. 10/03)

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

Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

**21. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 17 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice will result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Insofar as allowed by Section 50(a)(6), Article XVI of the Texas Constitution, Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 21, including, but not limited to, court costs, reasonable attorneys' fees and costs of title evidence.**

**The lien evidenced by this Security Instrument may be foreclosed upon only by a court order. Lender may, at its option, follow any rules of civil procedure promulgated by the Texas Supreme Court for expedited foreclosure proceedings related to the foreclosure of liens under Section 50(a)(6), Article XVI of the Texas Constitution ("Rules"), as amended from time to time, which are hereby incorporated by reference. The power of sale granted herein shall be exercised pursuant to such Rules, and Borrower understands that such power of sale is not a confession of judgment or a power of attorney to confess judgment or to appear for Borrower in a judicial proceeding.**

**22. Power of Sale.** It is the express intention of Lender and Borrower that Lender shall have a fully enforceable lien on the Property. It is also the express intention of Lender and Borrower that Lender's default remedies shall include the most expeditious means of foreclosure available by law. Accordingly, Lender and Trustee shall have all the powers provided herein except insofar as may be limited by the Texas Supreme Court. To the extent the Rules do not specify a procedure for the exercise of a power of sale, the following provisions of this Section 22 shall apply, if Lender invokes the power of sale. Lender or Trustee shall give notice of the time, place and terms of sale by posting and filing the notice at least 21 days prior to sale as provided by Applicable Law. Lender shall mail a copy of the notice of sale to Borrower in the manner prescribed by Applicable Law. Sale shall be made at public vendue. The sale must begin at the time stated in the notice of sale or not later than three hours after that time and between the hours of 10 a.m. and 4 p.m. on the first Tuesday of the month. Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale. In the event of any conflict between such procedure and the Rules, the Rules shall prevail, and this provision shall automatically be reformed to the extent necessary to comply.



DOC # ▮▮▮     APPL # ▮▮▮

Initials: ▮▮▮

VMP-8036(TX) (0411).01     Page 14 of 18     Form 3044.1  1/01 (rev. 10/03)

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

Trustee shall deliver to the purchaser who acquires title to the Property pursuant to the foreclosure of the lien a Trustee's deed conveying indefeasible title to the Property with covenants of general warranty from Borrower. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, court costs and reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this Section 22, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

**23. Release.** Within a reasonable time after termination and full payment of the Extension of Credit, Lender shall cancel and return the Note to the owner of the Property and give the owner, in recordable form, a release of the lien securing the Extension of Credit or a copy of an endorsement of the Note and assignment of the lien to a lender that is refinancing the Extension of Credit. Owner shall pay only recordation costs. **OWNER'S ACCEPTANCE OF SUCH RELEASE, OR ENDORSEMENT AND ASSIGNMENT, SHALL EXTINGUISH ALL OF LENDER'S OBLIGATIONS UNDER SECTION 50(a)(6), ARTICLE XVI OF THE TEXAS CONSTITUTION.**

**24. Non-Recourse Liability.** Lender shall be subrogated to any and all rights, superior title, liens and equities owned or claimed by any owner or holder of any liens and debts outstanding immediately prior to execution hereof, regardless of whether said liens or debts are acquired by Lender by assignment or are released by the holder thereof upon payment.

Subject to the limitation of personal liability described below, each person who signs this Security Instrument is responsible for ensuring that all of Borrower's promises and obligations in the Note and this Security Instrument are performed.

Borrower understands that Section 50(a)(6)(C), Article XVI of the Texas Constitution provides that the Note is given without personal liability against each owner of the Property and against the spouse of each owner unless the owner or spouse obtained this Extension of Credit by actual fraud. This means that, absent such actual fraud, Lender can enforce its rights under this Security Instrument solely against the Property and not personally against the owner of the Property or the spouse of an owner.

If this Extension of Credit is obtained by such actual fraud, then, subject to Section 12, Borrower will be personally liable for the payment of any amounts due under the Note or this Security Instrument. This means that a personal judgment could be obtained against Borrower, if Borrower fails to perform Borrower's responsibilities under the Note or this Security Instrument, including a judgment for any deficiency that results from Lender's sale of the Property for an amount less than is owing under the Note, thereby subjecting Borrower's other assets to satisfaction of the debt.

If not prohibited by Section 50(a)(6)(C), Article XVI of the Texas Constitution, this Section 24 shall not impair in any way the lien of this Security Instrument or the right of Lender to collect all sums due under the Note and this Security Instrument or prejudice the right of Lender as to any covenants or conditions of the Note and this Security Instrument.

DOC #: ▮▮▮▮▮▮     APPL #: ▮▮▮▮▮▮

Initials: ▮▮▮

▮▮▮-8036(TX) (0411).01     Page 15 of 18     Form 3044.1 1/01 (rev. 10/03)

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

**25. Proceeds.** Borrower has not been required to apply the proceeds of the Extension of Credit to repay another debt except a debt secured by the Property or debt to another lender.

**26. No Assignment of Wages.** Borrower has not assigned wages as security for the Extension of Credit.

**27. Acknowledgment of Fair Market Value.** Lender and Borrower have executed a written acknowledgment as to the fair market value of Borrower's Property on the date the Extension of Credit is made.

**28. Substitute Trustee; Trustee Liability.** All rights, remedies and duties of Trustee under this Security Instrument may be exercised or performed by one or more trustees acting alone or together. Lender, at its option and with or without cause, may from time to time, by power of attorney or otherwise, remove or substitute any trustee, add one or more trustees, or appoint a successor trustee to any Trustee without the necessity of any formality other than a designation by Lender in writing. Without any further act or conveyance of the Property the substitute, additional or successor trustee shall become vested with the title, rights, remedies, powers and duties conferred upon Trustee herein and by Applicable Law.

Trustee shall not be liable if acting upon any notice, request, consent, demand, statement or other document believed by Trustee to be correct. Trustee shall not be liable for any act or omission unless such act or omission is willful.

**29. Acknowledgment of Waiver by Lender of Additional Collateral.** Borrower acknowledges that Lender waives all terms in any of Lender's loan documentation (whether existing now or created in the future) which (a) create cross default; (b) provide for additional collateral; and/or (c) create personal liability for any Borrower (except in the event of actual fraud), for the Extension of Credit. This waiver includes, but is not limited to, any (a) guaranty; (b) cross collateralization; (c) future indebtedness; (d) cross default; and/or (e) dragnet provisions in any loan documentation with Lender.

DOC #: ▮▮▮▮

APPL #: ▮▮▮▮

Initials: ▮▮▮

-8036(TX) (0411).01

Page 16 of 18

Form 3044.1 1/01 (rev. 10/03)

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

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

[DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT. THIS DOCUMENT MUST BE EXECUTED AT THE OFFICE OF LENDER, AN ATTORNEY AT LAW OR A TITLE COMPANY. YOU MUST RECEIVE A COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED IT.]

YOU MAY, WITHIN 3 DAYS AFTER CLOSING, RESCIND THIS EXTENSION OF CREDIT WITHOUT PENALTY OR CHARGE.

_____          _____ (Seal)
                                         Nicolas S Nicolas                   -Borrower
Printed Name: _____
              *[Please Complete]*
                                         _____ (Seal)
                                                                             -Borrower
_____
Printed Name: _____
              *[Please Complete]*

_____ (Seal)   _____ (Seal)
                               -Borrower                                     -Borrower


_____ (Seal)   _____ (Seal)
                               -Borrower                                     -Borrower


_____ (Seal)   _____ (Seal)
                               -Borrower                                     -Borrower

DOC  #▮▮▮▮▮              APPL #▮▮▮▮▮▮▮

VMP®-8036(TX) (0411).01          Page 17 of 18          Form 3044.1  1/01 (rev. 10/03)

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

**STATE OF TEXAS**
County of    MONTGOMERY

    Before me                                                                                   on this day personally appeared
Nicolas S Nicolas

known to me (or proved to me on the oath of
or through                                                                          ) to be the person whose name is subscribed to the
foregoing instrument and acknowledged to me that he/she/they executed the same for the purposes and
consideration therein expressed.

    Given under my hand and seal of office this    3rd    day of    August, 2005    .

(Seal)

CHRISTINA SHAHEEN
Notary Public, State of Texas
My Commission Expires 04-07-2009

_____
Notary Public

**My Commission Expires:**

DOC  #:                                          APPL #

-8036(TX)  (0411).01                            Page 18 of 18                        Initials: _____   Form 3044.1  1/01 (rev. 10/03)

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

# TEXAS HOME EQUITY
# PLANNED UNIT DEVELOPMENT RIDER

THIS PLANNED UNIT DEVELOPMENT RIDER is made this      3rd      day of
August, 2005               , and is incorporated into and shall be deemed to amend and supplement
the Security Instrument of the same date, given by the undersigned (the "Borrower") to secure Borrower's
Note to   HLB Mortgage

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:

84 W Sandalbranch Circle, The Woodlands, TX   77382

[Property Address]

The Property includes, but is not limited to, a parcel of land improved with a dwelling, together with
other such parcels and certain common areas and facilities, as described in covenants, conditions, and
restrictions filed in the Real Property records of the county in which the Property is located (the
"Declaration"). The Property is a part of a planned unit development described in the Declaration (the
"PUD"). The Property also includes Borrower's interest in the homeowners association or equivalent entity
owning or managing the common areas and facilities of the PUD (the "Owners Association") and the uses,
benefits and proceeds of Borrower's interest. Insofar as permitted by Section 50(a)(6)(H), Article XVI of the
Texas Constitution, "homestead" shall include the elements of the Property described by this Rider.

PUD COVENANTS. In addition to the covenants and agreements made in the Security Instrument,
Borrower and Lender further covenant and agree as follows:

A. PUD Obligations. Borrower shall perform all of Borrower's obligations under the PUD's
Constituent Documents. The "Constituent Documents" are the: (i) Declaration; (ii) articles of incorporation,
trust instrument or any equivalent document which creates the Owners Association; and (iii) any by-laws or
other rules or regulations of the Owners Association. Borrower shall promptly pay, when due, all dues and
assessments imposed pursuant to the Constituent Documents.

B. Property Insurance. So long as the Owners Association maintains, with a generally accepted
insurance carrier, a "master" or "blanket" policy insuring the Property which is satisfactory to Lender and
which provides insurance coverage in the amounts (including deductible levels), for the periods, and against
loss by fire, hazards included within the term"extended coverage," and any other hazards, including, but not
limited to, earthquakes and floods, from which Lender requires insurance, then:

(i) Lender waives the provision in Section 3 for the Periodic Payment to Lender of the yearly premium
installments for property insurance on the Property; and

(ii) Borrower's obligation under Section 5 to maintain property insurance coverage on the Property is
deemed satisfied to the extent that the required coverage is provided by the Owners Association policy.

DOC #:▮▮▮▮▮      APPL #▮▮▮▮▮
TEXAS HOME EQUITY PLANNED UNIT DEVELOPMENT RIDER - Fannie Mae/Freddie Mac UNIFORM
INSTRUMENT    UM31 0008
-8037(TX)   (0008)   Form 3150.44 1/01
Page 1 of 3      Initials:
VMP MORTGAGE FORMS - (800)521-7291

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

What Lender requires as a condition of this waiver can change during the term of the loan.

Borrower shall give Lender prompt notice of any lapse in required property insurance coverage provided by the master or blanket policy.

In the event of a distribution of property insurance proceeds in lieu of restoration or repair following a loss to the Property, or to common areas and facilities of the PUD, any proceeds payable to Borrower shall be paid to Lender. Lender shall apply the proceeds to the sums secured by the Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

**C. Public Liability Insurance.** Borrower shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable in form, amount, and extent of coverage to Lender.

**D. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, payable to Borrower in connection with any condemnation or other taking of all or any part of the Property or the common areas and facilities of the PUD, or for any conveyance in lieu of condemnation, shall be paid to Lender. Such proceeds shall be applied by Lender to the sums secured by the Security Instrument as provided in Section 10.

**E. Lender's Prior Consent.** Borrower shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to:

(i) the abandonment or termination of the PUD, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of a taking by condemnation or eminent domain;

(ii) any amendment to any provision of the "Constituent Documents" if the provision is for the express benefit of Lender;

(iii) termination of professional management and assumption of self-management of the Owners Association; or

(iv) any action which would have the effect of rendering the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**F. Remedies.** If Borrower does not pay PUD dues and assessments when due, then Lender, if allowed by Applicable Law, may pay them. Any amounts disbursed by Lender under this Paragraph F shall become additional debt of Borrower secured by the Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

DOC # ███████          APPL # ███████

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

BY SIGNING BELOW, Borrower accepts and agrees to the terms and provisions contained in this PUD Rider.

[DO NOT SIGN IF THERE ARE BLANKS LEFT TO BE COMPLETED IN THIS DOCUMENT. THIS DOCUMENT MUST BE EXECUTED AT THE OFFICE OF THE LENDER, AN ATTORNEY AT LAW OR A TITLE COMPANY. YOU MUST RECEIVE A COPY OF THIS DOCUMENT AFTER YOU HAVE SIGNED IT.]

_____ (Seal)          _____ (Seal)
Nicolas S Nicolas          -Borrower                                    -Borrower

_____ (Seal)          _____ (Seal)
                           -Borrower                                    -Borrower

_____ (Seal)          _____ (Seal)
                           -Borrower                                    -Borrower

_____ (Seal)          _____ (Seal)
                           -Borrower                                    -Borrower

DOC #: ▮▮▮▮          APPL #▮▮▮▮

VMP-8037(TX) (0008)                    Page 3 of 3                    Form 3150.44 1/01

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

# RIDER TO THE DEED OF TRUST
# RENEWAL AND EXTENSION EXHIBIT

This **RENEWAL AND EXTENSION EXHIBIT** is incorporated into and shall be deemed to amend and supplement the Deed of Trust ("Security Instrument") of even date herewith. Security Instrument is granted by the Borrower(s) ("Borrower") to secure Borrower's indebtedness ("Note") to Lender (sometimes referred to as the "Beneficiary" or "Holder of the Note"), the Note secured hereby is in renewal and extension but not in extinguishment of that indebtedness, whether one or more, described as follows:

DOC #: ███ APPL #: ███████

 -1034(TX) (9702)  UM31 9702

Page 1 of 2

VMP MORTGAGE FORMS - (800)521-7291

Initials: X 

2/97

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

THE LENDER HEREBY SECURED IS EXPRESSLY SUBROGATED TO ALL RIGHTS, LIENS, EQUITIES AND REMEDIES SECURING THE ORIGINAL HOLDER(S) OF SAID DEBT(S) AND THE ORIGINAL LIEN(S) SECURING THE SAME ARE HEREBY RENEWED AND EXTENDED TO DATE OF MATURITY OF THE INDEBTEDNESS HEREBY SECURED IN RENEWAL AND EXTENSION THEREOF. IN THE EVENT ANY PORTION OF THE SUMS INTENDED TO BE SECURED BY THE SECURITY INSTRUMENT CANNOT BE LAWFULLY SECURED THEREBY, PAYMENTS IN REDUCTION OF SUCH SUMS SHALL BE APPLIED FIRST TO THOSE PORTIONS NOT SECURED THEREBY. BORROWER(S) ACKNOWLEDGES THAT THE LIEN(S) SECURING THE PRIOR NOTE IS VALID, THAT IT SUBSISTS AGAINST THE PROPERTY, AND THAT BY THIS INSTRUMENT IT IS RENEWED AND EXTENDED IN FULL FORCE UNTIL THE NOTE IS PAID, EVEN THOUGH THE PRIOR LIEN(S) IS RELEASED AND NOT ASSIGNED TO LENDER.



Nicolas S Nicolas

DOC # ___ APPL # ___

-1034(TX)  (9702)  UM31 9702                    Page 2 of 2

FILED FOR RECORD

2005 AUG 10 PM 3: 09

*Mark Turnball*
COUNTY CLERK
MONTGOMERY COUNTY, TEXAS



STATE OF TEXAS
COUNTY OF MONTGOMERY
I hereby certify this instrument was filed in
File Number Sequence on the date and at the time
stamped herein by me and was duly RECORDED in
the Official Public Records of Real Property at
Montgomery County, Texas.

AUG 10 2005

*Mark Turnball*
County Clerk
Montgomery County, Texas

2009-020140

| Document Prepared By: | The Space Above is Reserved for Recorder's Use Only |
|---|---|

Ron Meharg, 888-362-9638
When Recorded Return To:
DOCX
1111 Alderman Dr.
Suite 350
Alpharetta, GA 30005

| AHMA | 647 | 27730218 |
|---|---|---|

Property Address:
**84 W SANDALBRANCH CIRCLE**
**THE WOODLANDS, TX 77382**

CRef#:02/18/2009-PRef#:A032-POF
Date:02/06/2009-Print Batch ID:4804



## ASSIGNMENT OF DEED OF TRUST/TRANSFER OF LIEN

**FOR GOOD AND VALUABLE CONSIDERATION,** the receipt and sufficiency of which is hereby acknowledged, **American Home Mortgage Servicing, Inc.,** whose address is **6502 Irvine Center Drive, Irvine, CA 92618,** does by these presents hereby grant, bargain, sell, assign, transfer, convey, set over and deliver unto **Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2006-3, Mortgage-Backed Notes, Series 2006-3,** whose address is **1761 East St. Andrew Place Santa Ana, CA 92705-4934,** the following described deed of trust, securing the payment of a certain promissory note(s) for the sum listed below, together with all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such deed of trust.

Original Borrower(s): **NICOLAS S NICOLAS, AND GALE J NICOLAS, HUSBAND AND WIFE**
Original Beneficiary: **HLB MORTGAGE**
Date of Deed of Trust: **08/03/2005**        Loan Amount: **$202,690.00**
Recording Date: **08/10/2005**    Document #: **2005-088920**
Legal Description: **ASSIGNMENT EFFECTIVE AS OF: 2/5/2009**
**LOT ELEVEN (11),IN BLOCK ONE (1), OF THE WOODLANDS VILLAGE OF ALDEN BRIDGE, SECTION EIGHTEEN (18), A SUBDIVISION IN MONTGOMERY COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN CABINET H, SHEET 152B OF THE MAP RECORDS OF MONTGOMERY COUNTY, TEXAS.**
and recorded in the official records of the **County of Montgomery,** State of **Texas** affecting Real Property and more particularly described on said Deed of Trust referred to herein.

**IN WITNESS WHEREOF,** the undersigned has caused these presents to be executed on this date of **03/06/2009.**

American Home Mortgage Servicing, Inc.

**Tywanna Thomas**
**Asst. Vice President**

**Linda Green**
**Vice President**

State of **GA**
County of **Fulton**

On this date of **03/06/2009**, before me, the undersigned authority, a Notary Public duly commissioned, qualified and acting within and for the aforementioned State and County, personally appeared the within named **Linda Green** and **Tywanna Thomas**, known to me (or identified to me on the basis of satisfactory evidence) that they are the **Vice President** and **Asst. Vice President** respectively of **American Home Mortgage Servicing, Inc.**, and were duly authorized in their respective capacities to execute the foregoing instrument for and in the name and in behalf of said corporation and that said corporation executed the same, and further stated and acknowledged that they had so signed, executed and delivered said instrument for the consideration, uses and purposes therein mentioned and set forth.

Witness my hand and official seal on the date hereinabove set forth.

Notary Public: _____

Brittany Snow
NOTARY PUBLIC
Fulton County
State of Georgia
My Commission Expires
May 21, 2011

FILED FOR RECORD

2009 MAR 12 PM 1:48

*Mark Turnbull*
COUNTY CLERK
MONTGOMERY COUNTY TEXAS

STATE OF TEXAS
COUNTY OF MONTGOMERY
I hereby certify this instrument was filed in File Number Sequence on the date and at the time stamped herein by me and was duly RECORDED in the Official Public Records of Real Property at Montgomery County, Texas.

MAR 1 2 2009

*Mark Turnbull*
County Clerk
Montgomery County, Texas

TXaosi-eR2.0    01/05/2009    Copyright (c) 2009 by DOCX LLC



Nicolas, Nicolas S.
American Home Mortgage Servicing Inc.
Home Equity

# ASSIGNMENT

*NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OR ALL OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.*

FOR VALUE RECEIVED, the undersigned as Beneficiary, hereby grants, conveys, assigns and transfers to **Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2006-3**, c/o American Home Mortgage Servicing Inc., 4875 Belfort Rd. #130 Jacksonville, FL 32256, all beneficial interest under that certain Deed of Trust, dated August 03, 2005, executed by Nicolas S. Nicolas, and Gale J. Nicolas, husband and wife, Grantor, to Matthew Haddock, Trustee, and recorded in Volume , of Deed of Trust records at Page , or Clerk's File No. 2005-088920, Records of MONTGOMERY County, State of Texas, described land therein as:

> LOT ELEVEN (11), IN BLOCK ONE (1), OF THE WOODLANDS VILLAGE OF ALDEN BRIDGE, SECTION EIGHTEEN (18), A SUBDIVISION IN MONTGOMERY COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET H. SHEET 152B OF THE MAP RECORDS OF MONTGOMERY COUNTY, TEXAS.

As set forth in said Deed of Trust and incorporated by reference herein.

This assignment is effective as of 2/12/2009.



LT2-3

**AMERICAN HOME MORTGAGE SERVICING INC., AS ATTORNET IN FACT FOR DEUTSCHE BANK NATIONAL TRUST COMPNAY AS INDENTURE TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2006-3, MORTGAGE-BACKED NOTES, SERIES 2006-3**

By: _____

Its: _____Assistant Vice President_____

Date: ____1-18-2011_____

STATE OF ___Florida_____

COUNTY OF ___Duval_____

On this _18th_ day of _January_____, 20_11_, before me, the undersigned, a Notary Public, duly commissioned and sworn personally appeared _Pete Rhoden_____, who acknowledge himself/herself to be ___Assistant Vice President___ of the above named corporation, and that he/she, as such officer, executed the foregoing instrument, and acknowledged the said instrument to be the free and voluntary act and deed of said corporation, for the uses and purposes therein mentioned, and on oath stated that he/she is authorized to execute the said instrument and that the seal affixed is the corporate seal of this corporation.

Witness my hand and official seal hereto affixed the day and year first written.

_____
Notary Public

My commission expires: _11-16-14_____

DANIEL M. STATEN
Commission # EE 042218
Expires November 16, 2014
Bonded Thru Troy Fain Insurance 800-385-7019

RETURN TO:

CODILIS & STAWIARSKI
650 N. Sam Houston Parkway East, Suite 450
Houston, TX 77060
44-08-7258

Doc# 2011009963

**FILED FOR RECORD**
02/02/2011  1:10PM

COUNTY CLERK
MONTGOMERY COUNTY, TEXAS

STATE OF TEXAS
COUNTY OF MONTGOMERY
I hereby certify this instrument was filed in file number
sequence on the date and at the time stamped herein
by me and was duly RECORDED in the Official Public
Records of Montgomery County, Texas.

**02/02/2011**

County Clerk
Montgomery County, Texas

Recording Requested By:
OCWEN LOAN SERVICING, LLC

When Recorded Return To:

OCWEN LOAN SERVICING, LLC
240 TECHNOLOGY DRIVE
IDAHO FALLS, ID 83401

## CORPORATE ASSIGNMENT OF DEED OF TRUST

**Montgomery, Texas**
**SELLER'S SERVICING #:** ███████ "NICOLAS"
**SELLER'S LENDER ID#:** ████████
**OLD SERVICING #:** ████████

Date of Assignment: **MAR 2 9 2017**
Assignor: AMERICAN HOME MORTGAGE CORP., D/B/A HLB MORTGAGE AT C/O OCWEN LOAN SERVICING, LLC,
1661 WORTHINGTON RD, SUITE 100, WEST PALM BEACH, FL 33409
Assignee: AMERICAN HOME MORTGAGE SERVICING, INC., AT C/O OCWEN LOAN SERVICING, LLC., 1661
WORTHINGTON ROAD, STE 100, WEST PALM BEACH, FL 33409

Executed By: NICOLAS S. NICOLAS AND GALE J. NICOLAS, HUSBAND AND WIFE To: HLB MORTGAGE Date of
Deed of Trust: 08/03/2005 Recorded: 08/10/2005 in Book/Reel/Liber: 891-10 Page: 0323 as Instrument No.:
2005-088920 In the County of Montgomery, State of Texas.

Property Address: 84 W SANDALBRANCH CIRCLE, THE WOODLANDS, TX 77382

Legal Description: As Referenced on Original Recorded Document

**THIS IS A GAP ASSIGNMENT**

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is
hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Deed of Trust having an
original principal sum of $202,690.00 with interest, secured thereby, and the full benefit of all the powers and of all the
covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the
Assignor's interest under the Deed of Trust.

TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said Assignee forever, subject to the
terms contained in said Deed of Trust. IN WITNESS WHEREOF, the assignor has executed these presents the day and
year first above written:

**THE EFFECTIVE DATE IS 09/07/2005**

AMERICAN HOME MORTGAGE CORP., D/B/A HLB MORTGAGE BY ITS ATTORNEY IN FACT HOMEWARD
RESIDENTIAL, INC., F/K/A AMERICAN HOME MORTGAGE SERVICING, INC.
On _____**MAR 2 9 2017**_____

By: _____
        Netty N. Bangala
Vice President
POA: 08/22/2014 as Instrument No.: 2014082160

*HAK*HAKGMAC*03/28/2017 10:01:11 AM* GMAC40GMACA0000000000000005094197* TXMONTG* 7140073060 TXSTATE_TRUST_ASSIGN_ASSN *NET*NETGMAC*

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

STATE OF FLORIDA
COUNTY OF PALM BEACH

On ___MAR 2 9 2017___, before me, _____Brittany M. Harris_____ a Notary Public in and for PALM BEACH COUNTY in the State of FLORIDA, personally appeared _____Netty N. Bangala_____, Vice President, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

_____
Brittany M. Harris
Notary Expires SEP 1 8 2020

Notary Public State of Florida
Brittany M Harris
My Commission GG 031112
Expires 08/18/2020

(This area for notarial seal)

*HAK*HAKGMAC*03/28/2017 10:01:11 AM* GMAC40GMACA00000000000000005094197* TXMCNTG* 7140073060 TXSTATE_TRUST_ASSIGN_ASSN *NET*NETGMAC*

## Exhibit "A"

LOT ELEVEN (11) IN BLOCK ONE (1), OF THE WOODLANDS
VILLAGE OF ALDEN BRIDGE, SECTION EIGHTEEN (18), A
SUBDIVISION IN MONTGOMERY COUNTY, TEXAS, ACCORDING
TO THE MAP OR PLAT THEREOF RECORDED IN CABINET H,
SHEET 152B OF THE MAP RECORDS OF MONTGOMERY
COUNTY, TEXAS

13-004216-670

**E-FILED FOR RECORD**
04/12/2017   03:52PM

COUNTY CLERK
MONTGOMERY COUNTY, TEXAS

STATE OF TEXAS,
COUNTY OF MONTGOMERY
I hereby certify that this instrument was e-filed in the file number
sequence on the date and time stamped herein
by me and was duly e-RECORDED in the Official Public
Records of Montgomery County, Texas.

**04/12/2017**

County Clerk
Montgomery County, Texas

Montgomery County District Court
***EFILED***
LexisNexis Transaction ID: 31296840
Date: May 25 2010 1:22PM
Barbara Adamick, Clerk

LT1-1-2010050751-1

CAUSE NO. 09-02-01277

| | | |
|---|---|---|
| IN RE: Order for Foreclosure Concerning | § § § | IN THE DISTRICT COURT |
| NICOLAS S. NICOLAS AND GALE J. NICOLAS | § § § | OF MONTGOMERY COUNTY, TEXAS |
| and | § § | |
| 84 W SANDALBRANCH CIR THE WOODLANDS, TX 77382 Respondent(s) | § § § § | 9th JUDICIAL DISTRICT |

## ORDER TO PROCEED WITH NOTICE OF FORECLOSURE SALE AND FORECLOSURE SALE

Came on for consideration the application of Deutsche Bank National Trust Company as Indenture Trustee for American Home Mortgage Investment Trust 2006-3, Mortgage-Backed Notes, Series 2006-3 its Successors and Assigns (hereinafter Applicant), for Order for Foreclosure pursuant to Rule 736 of the Texas Rules of Civil Procedure. The Court is of the opinion that said application should be GRANTED.

The court further finds that this is an *in rem* proceeding; that the Application filed by Applicant complies with Rule 735 and Rule 736, Tex. R. Civ. P.; that Respondent(s) have previously filed a Response; that a copy of the required Notice with Certificate of Service has been on file with the Clerk of the Court for at least ten (10) days, exclusive of the date of filing; that the Applicant has met its burden of proof as to the elements of Rule 736 (I)(E); and that the Applicant should proceed with foreclosure of the Property under the terms of the security instrument and Texas Property Code § 51.002.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Applicant may proceed with foreclosure under the security agreement (Deed of Trust) recorded in the Official

"Certified as to certification on signature page"

C&S# 44-08-7258



LT2-4

Real Property Records of MONTGOMERY County, Texas under clerk's file number 2005-088920, executed by Respondent, and TEX. PROP. CODE § 51.002 of the property located at 84 W SANDALBRANCH CIR, THE WOODLANDS, TX, 77382 and described as follows:

> LOT ELEVEN (11), IN BLOCK ONE (1), OF THE WOODLANDS VILLAGE OF ALDEN BRIDGE, SECTION EIGHTEEN (18), A SUBDIVISION IN MONTGOMERY COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET H. SHEET 152B OF THE MAP RECORDS OF MONTGOMERY COUNTY, TEXAS.

IT IS FURTHER ORDERED that the Applicant send a copy of this Order to Respondent with the notice of foreclosure sale;

IT IS FURTHER ORDERED that the Applicant may communicate with the Respondent and all third parties reasonably necessary to conduct the foreclosure sale; and

IT IS FURTHER ORDERED that the Applicant shall mail to Respondent's counsel a copy of the notice of the foreclosure sale by certified mail, return receipt requested, if the Respondent is represented by counsel.

SIGNED this _____ day of _____, 2010.

_____
JUDGE PRESIDING

APPROVED AS TO FORM AND ENTRY REQUESTED:

CODILIS & STAWIARSKI, P.C.

By: _____
Rachel U. Donnelly SBOT 24043639
Mary M. Speidel SBOT 18908400
650 N. Sam Houston Pkwy. East, Suite 450
Houston, Texas 77060
Telephone: (281) 925-5253
Facsimile: (281) 925-5353
Email: Rachel.Donnelly@tx.cslegal.com
ATTORNEYS FOR APPLICANT

I, Barbara Gladden Adamick, do hereby Certify _____ pages in Cause # _____ as being a true and correct copy of the Original Record now on file in the District Clerk's Office of Montgomery County, Texas. Witness my Official Seal of Office in Conroe, Texas On This the ____ Day of _____

By: _____, Deputy

C&S# 44-08-7258

**After Recording, please return to:**
Codilis & Stawiarski, P.C.
650 N. Sam Houston Pkwy. East, Suite 450
Houston, Texas 77060

'Certified as to certificate on signature page"

C&S# 44-08-7258

Doc# 2010050751

**FILED FOR RECORD**
06/14/2010   11:17AM

*Mark Turnbull*
COUNTY CLERK
MONTGOMERY COUNTY. TEXAS

STATE OF TEXAS
COUNTY OF MONTGOMERY
I hereby certify this instrument was filed in file number
sequence on the date and at the time stamped herein
by me and was duly RECORDED in the Official Public
Records of Montgomery County, Texas.

**06/14/2010**

*Mark Turnbull*
County Clerk
Montgomery County. Texas

2

DOC# 0032
POSTED
01/30/2020 10:30AM
GWENDALYNN CAMARENA
MARK TURNBULL, COUNTY CLERK
MONTGOMERY COUNTY, TEXAS

## NOTICE OF FORECLOSURE SALE

ASSERT AND PROTECT YOUR RIGHTS AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES. IF YOU ARE OR YOUR SPOUSE IS SERVING ON ACTIVE MILITARY DUTY, INCLUDING ACTIVE MILITARY DUTY AS A MEMBER OF THE TEXAS NATIONAL GUARD OR THE NATIONAL GUARD OR ANOTHER STATE OR AS A MEMBER OF A RESERVE COMPONENT OF THE ARMED FORCES OF THE UNITED STATES, PLEASE SEND WRITTEN NOTICE OF THE ACTIVE DUTY MILITARY SERVICE TO THE SENDER OF THIS NOTICE IMMEDIATELY.

1. *Property to Be Sold.* The property to be sold is described as follows: LOT ELEVEN (11) IN BLOCK ONE (1), OF THE WOODLANDS VILLAGE OF ALDEN BRIDGE, SECTION EIGHTEEN (18), A SUBDIVISION IN MONTGOMERY COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET H, SHEET 152B OF THE MAP RECORDS OF MONTGOMERY COUNTY, TEXAS

2. *Instrument to be Foreclosed.* The instrument to be foreclosed is the Deed of Trust dated 08/03/2005 and recorded in Document 2005-088920 real property records of Montgomery County, Texas. Re-filed in Document 2009-091477 real property records of Montgomery County, Texas.

3. *Date, Time, and Place of Sale.* The sale is scheduled to be held at the following date, time, and place:

Date:        03/03/2020

Time:        10:00 AM

Place:       Montgomery County, Texas at the following location: 501 N. THOMPSON, 4th FLOOR, SUITE 402, IN CONROE, TEXAS UNLESS THE DATE OF SALE FALLS ON AN OFFICIAL COUNTY HOLIDAY, THEN IT WILL TAKE PLACE AT THE MONTGOMERY COUNTY COURTHOUSE STEPS AT 301 N. MAIN STREET, CONROE, TEXAS, OR AS DESIGNATED BY THE COUNTY COMMISSIONER'S OFFICE or as designated by the County Commissioners Court.

4. *Terms of Sale.* The sale will be conducted as a public auction to the highest bidder for cash. Pursuant to the deed of trust, the mortgagee has the right to direct the Trustee to sell the property in one or more parcels and/or to sell all or only part of the property. Pursuant to section 51.009 of the Texas Property Code, the property will be sold in AS IS, WHERE IS condition, without any express or implied warranties, except as to the warranties of title, if any, provided for under the deed of trust.

5. *Obligations Secured.* The Deed of Trust executed by NICOLAS S. NICOLAS AND GALE J. NICOLAS, provides that it secures the payment of the indebtedness in the original principal amount of $202,690.00, and obligations therein described including but not limited to (a) the promissory note; and (b) all renewals and extensions of the note. DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2006-3 is the current mortgagee of the note and deed of trust and PHH MORTGAGE CORPORATION is mortgage servicer. A servicing agreement between the mortgagee, whose address is DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2006-3 c/o PHH MORTGAGE CORPORATION, 1 Mortgage Way, Mail Stop SV-22, Mt. Laurel, NJ 08054 and the mortgage servicer and Texas Property Code § 51.0025 authorizes the mortgage servicer to collect the debt.

6. *Order to Foreclose.* DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2006-3 obtained a Order from the 410th District Court of Montgomery County on 01/15/2020 under Cause No. 17-06-07981. The mortgagee has requested a Substitute Trustee conduct this sale pursuant to the Court's Order.

7. *Substitute Trustee(s) Appointed to Conduct Sale.* In accordance with Texas Property Code Sec. 51.0076, the undersigned attorney for the mortgage servicer has named and appointed, and by these presents does name and appoint VINCE ROSS, CARL MEYERS, LEB KEMP, TRACI YEAMAN, KELLY MCDANIEL, CARY CORENBLUM, MATTHEW HANSEN, ISRAEL CURTIS, KINNEY LESTER, TIM WORSTELL, JOSHUA SANDERS, NICK POSTON, STEPHEN MAYERS, EVAN PRESS, PATRICIA POSTON, DAVID POSTON, CARL NIENDORFF, L. KELLER MACKIE, MICHAEL W. ZIENTZ OR WES WEBB
. Substitute Trustee to act under and by virtue of said Deed of Trust.

THIS INSTRUMENT APPOINTS THE SUBSTITUTE TRUSTEE(S) IDENTIFIED TO SELL THE PROPERTY DESCRIBED IN THE SECURITY INSTRUMENT IDENTIFIED IN THIS NOTICE OF SALE. THE PERSON SIGNING THIS NOTICE IS THE ATTORNEY OR AUTHORIZED AGENT OF THE MORTGAGEE OR MORTGAGE SERVICER.

*Auction or Poston*

Mackie Wolf Zientz & Mann, P.C.
Brandon Wolf, Attorney at Law
L. Keller Mackie, Attorney at Law
Lori Liane Long, Attorney at Law
Chelsea Schneider, Attorney at Law
Ester Gonzales, Attorney at Law
Parkway Office Center, Suite 900
14160 North Dallas Parkway
Dallas, TX 75254

VINCE ROSS, CARL MEYERS, LEB KEMP, TRACI YEAMAN, KELLY MCDANIEL, CARY CORENBLUM, MATTHEW HANSEN, ISRAEL CURTIS, KINNEY LESTER, TIM WORSTELL, JOSHUA SANDERS, NICK POSTON, STEPHEN MAYERS, EVAN PRESS, PATRICIA POSTON, DAVID POSTON, CARL NIENDORFF, L. KELLER MACKIE, MICHAEL W. ZIENTZ OR WES WEBB

c/o AVT Title Services, LLC
5177 Richmond Avenue Suite 1230
Houston, TX 77056



13-004216-670-5 // 84 W SANDALBRANCH CIRCLE, THE '

<u>NO. 20-03-02961</u>

| | | |
|---|---|---|
| **NICOLAS S. NICOLAS,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST** | § | |
| **COMPANY, AS INDENTURE TRUSTEE** | § | |
| **FOR AMERICAN HOME MORTGAGE** | § | **410th JUDICIAL DISTRICT** |
| **INVESTMENT TRUST 2006-3,** | § | |
| | § | |
| **PHH MORTGAGE CORPORATION,** | § | |
| | § | **MONTGOMERY COUNTY,** |
| **Defendants.** | § | **TEXAS** |
| | § | |

<u>**CERTIFICATE OF CONFERENCE**</u>

Pursuant to the Montgomery County Local Rules, the undersigned counsel for the Plaintiff named in the above styled and numbered cause, hereby certifies that on March 2, 2020 at approximately 1:40 p.m. I personally emailed attorney Chelsea Schneider who is the local counsel attorney for Defendants Deutsche Bank National Trust Company, As Indenture Trustee For American Home Mortgage Investment Trust 2006-3 And PHH Mortgage Corporation, and the Substitute Trustee(s), and I advised them that I had filed Plaintiff's Original Verified Petition ("Petition).

Respectfully submitted,

**ALEXANDER LAW, PLLC**
*/s/ Brandy Michelle Alexander*
Brandy Michelle Alexander
Texas Bar No. 24108421
6200 Savoy Drive, Suite 1202
Houston, Texas 77036
Telephone: (832) 460-3307
Facsimile: (832) 460-3334
brandyalexander@alexanderpllc.com
Attorney for Plaintiff

1

E-Filed for Record
3/11/2020 3:35 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

# CITATION

**Cause Number: 20-03-02961**

| | |
|---|---|
| **Clerk of the Court** | **Attorney Requesting Service** |
| **Melisa Miller** | **Brandy Michelle Alexander** |
| **P.O. Box 2985** | **6200 Savoy Drive Suite 1202** |
| **Conroe, Texas 77305** | **Houston TX 77036** |

## THE STATE OF TEXAS

**NOTICE TO DEFENDANT:** You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:    Deutsche Bank National Trust Company
       60 Wall Street
       New York, NY 10005
       By Service Through Texas Secretary of State
       James E Rudder Building
       1019 Brazos
       Room 105
       Austin TX 78701
       OR WHEREVER THE ADDRESSEE MAY BE FOUND

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Verified Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 410th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Verified Petition was filed in said court on this the 2nd day of March, 2020 numbered 20-03-02961 on the docket of said court, and styled, Nicolas S Nicolas VS. Deustche Bank National Trust Company, as indenture trustee for American Home Mortgage Investment Trust 2006-3, PHH Mortgage Corporation

The nature of plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Verified Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 4th day of March, 2020.

                                        Melisa Miller, District Clerk
                                        Montgomery County, Texas

                                        By: _Deven Maropis_  3/4/2020 11:08:56 AM
                                        Deven Maropis, Deputy



# AFFIDAVIT OF SERVICE

**Cause No:<u>20-03-02961</u>**

| | | |
|---|---|---|
| NICOLAS S. NICOLAS, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | 410<u><sup>TH</sup></u> JUDICIAL DISTRICT |
| COMPANY, AS INDENTURE TRUSTEE | § | |
| FOR AMERICAN HOME MORTGAGE | § | |
| INVESTMENT TRUST 2006-3, | § | |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
| | § | |
| | § | |
| | § | |
| | § | OF MONTGOMERY COUNTY, TEXAS |
| Defendants. | § | |
| | § | |

**Documents: <u>CITATION WITH ATTACHED PLAINTIFF'S VERIFIED PETITION</u>**

Received on: <u>03/10/2020 10:00 a.m.</u> the above documents to be delivered to:

> Deutsche Bank
> % TX Secretary of State
> James E. Rudder Bldg
> 1019 Brazos Room 105
> Austin, TX 78701

I, Ronald Monroe, the undersigned, being duly sworn, deposed and say that I am duly authorized to make delivery of the document(s) listed herein in the above styled case. I am over the age of 18, and I am not a party to or otherwise interested in this matter. Delivery of said documents occurred in the following manner:

By delivery to: <u>Registered Agent TX SECRETARY OF STATE..- Registered Agent For Deutsche Bank</u>

Title/Relationship: <u>TX SECRETARY OF STATE</u>

Address of Service: <u>1019 Brazos Room 105, Austin, TX 78701</u>

Date/Time of service: <u>03/11/2020 1:00 p.m.</u>

Type of Service: <u>Certified Mail, Return Receipt Requested.</u>

_____

Ronald Wade Monroe II, Private Process Server
ID number PSC-11829, Expiring July 31, 2021

Signed and sworn to by the said, Jamie Cox before me this __11__ th day of __March__ 2020, to certify
which witness my hand and seal of office.

_____

Notary Public in and for the State of Texas

My Commission expires __12·22·21__

(Seal)

TIFFANY RENEE DAUGHERTY
Notary Public, State of Texas
Comm. Expires 12-22-2021
Notary ID 131389987

# EXHIBIT A

## Shipment Details

| | |
|---|---|
| **Shipped To:** | Deutsche Bank Nation Trust Company<br>c/o Texas Secretary of State, 1019 Brazos St Room 105, Austin, TX 78701-2413 |
| **Mailing Date:** | 3/11/2020 |
| **Est. Delivery:** | 2 days |
| **Service:** | Priority Mail (R) |
| **Signature:** | Requested |
| **Tracking:** | 9402911899561686996558 |

Receipt 885 E-Filed for Record
3/11/2020 3:37 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Patricia Morrill

# CITATION

Cause Number: 20-03-02961

| | |
|---|---|
| Clerk of the Court | Attorney Requesting Service |
| Melisa Miller | Brandy Michelle Alexander |
| P.O. Box 2985 | 6200 Savoy Drive Suite 1202 |
| Conroe, Texas 77305 | Houston TX 77036 |

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:     PHH Mortgage Corporation
        Registered Agent Corporation Service Company
        dba CSC - Lawyers Incorporation Service Company
        211 E 7th Street Suite 620
        Austin TX 78701
        OR WHEREVER THE ADDRESSEE MAY BE FOUND

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Verified Petition at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 410th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Verified Petition was filed in said court on this the 2nd day of March, 2020 numbered 20-03-02961 on the docket of said court, and styled, Nicolas S Nicolas VS. Deustche Bank National Trust Company, as indenture trustee for American Home Mortgage Investment Trust 2006-3, PHH Mortgage Corporation

The nature of plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Verified Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 4th day of March, 2020.

Melisa Miller, District Clerk
Montgomery County, Texas

By: _____  3/4/2020 11:08:33 AM

Deven Maropis, Deputy



## AFFIDAVIT OF SERVICE

**Cause No:20-03-02961**

| | | |
|---|---|---|
| NICOLAS S. NICOLAS, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| DEUTSCHE BANK NATIONAL TRUST | § | 410ᵀᴴ JUDICIAL DISTRICT |
| COMPANY, AS INDENTURE TRUSTEE | § | |
| FOR AMERICAN HOME MORTGAGE | § | |
| INVESTMENT TRUST 2006-3, | § | |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
| | § | |
| | § | |
| | § | |
| | § | OF MONTGOMERY COUNTY, TEXAS |
| Defendants. | § | |
| | § | |

**Documents: <u>CITATION WITH ATTACHED PLAINTIFF'S VERIFIED PETITION</u>**

Received on: <u>03/10/2020 10:00 a.m.</u> the above documents to be delivered to:

> PHH Mortgage Corporation
> % Corporation Service Co.
> d/b/a CSC Lawyers Inc. Service Co
> 211 E 7th St. Suite 620
> Austin, TX 78701

I, Ronald Monroe, the undersigned, being duly sworn, deposed and say that I am duly authorized to make delivery of the document(s) listed herein in the above styled case. I am over the age of 18, and I am not a party to or otherwise interested in this matter. Delivery of said documents occurred in the following manner:

By delivery to: <u>Registered Agent Corporation Service Company.,- Registered Agent For PHH Mortgage Corp</u>

Title/Relationship: <u>Registered Agent</u>

Address of Service: <u>211 E 7th St. Suite 620, Austin, TX 78701</u>

Date/Time of service: <u>03/11/2020 1:00 p.m.</u>

Type of Service: <u>Certified Mail, Return Receipt Requested.</u>

Ronald Wade Monroe II, Private Process Server
ID number PSC-11829, Expiring July 31, 2021

Signed and sworn to by the said, Jamie Cox before me this ___11___ th day of __March__ 2020, to certify which witness my hand and seal of office.



Notary Public in and for the State of Texas

My Commission expires __12·22·21__

(Seal)

TIFFANY RENEE DAUGHERTY
Notary Public, State of Texas
Comm. Expires 12-22-2021
Notary ID 131389987

# EXHIBIT A

## Shipment Details

| | |
|---|---|
| **Shipped To:** | PHH Mortgage Corp |
| | c/o Corporation Service Company, d/b/a CSC Lawyers Inc. Serv. |
| | Co., 211 E 7th St. Ste 620, Austin, TX 78701-3218 |
| **Mailing Date:** | 3/11/2020 |
| **Est. Delivery:** | 2 days |
| **Service:** | Priority Mail (R) |
| **Signature:** | Requested |
| **Tracking:** | 9402911899561686688491 |

Received E-Filed for Record
4/7/2020 12:33 PM
Melisa Miller, District Clerk
Montgomery County, Texas
Deputy Clerk, Megan Shiflett

**CAUSE NO. 20-03-02961**

| | | |
|---|---|---|
| NICOLAS S. NICOLAS, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | |
| | § | 410th JUDICIAL DISTRICT |
| DEUTSCHE BANK NATIONAL TRUST | § | |
| COMPANY, AS INDENTURE TRUSTEE | § | |
| FOR AMERICAN HOME MORTGAGE | § | |
| INVESTMENT TRUST 2006-3, AND PHH | § | |
| MORTGAGE CORPORATION | § | MONTGOMERY COUNTY, |
| | § | TEXAS |
| *Defendants*. | § | |

## DEFENDANTS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendants Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2006-3, and PHH Mortgage Corporation (collectively, "***Defendants***") file their Original Answer and Affirmative Defenses to the Original Verified Petition of Plaintiff Nicolas S. Nicolas ("***Plaintiff***"), and would respectfully show the Court as follows:

## GENERAL DENIAL

1.      Defendants, pursuant to Rule 92 of the Texas Rules of Civil Procedure, generally deny all of the claims as alleged by Plaintiffs, and respectfully pray that Plaintiffs be required to prove all claims as alleged by a preponderance of the evidence or such higher standard as may be applicable.

## AFFIRMATIVE DEFENSES

2.      Some or all of Plaintiff's claims are barred by failure of consideration.

3.      Plaintiff's claims are barred, in whole or in part, because Defendants' conduct was not the producing, nor the proximate, cause of Plaintiff's alleged losses, damages, and/or injuries.

4.  Plaintiff's claims are barred, in whole or in part, because Plaintiff is unable to prove his alleged losses, damages, and/or injuries in accordance with Texas or other applicable law.

5.  Some or all of Plaintiff's claims are barred due to unclean hands.

6.  Some or all of Plaintiff's claims are barred due to the statute of limitations.

7.  Some or all of Plaintiff's claims are barred by the economic-loss doctrine.

8.  Some or all of Plaintiff's claims are barred due to his failure to perform his own contractual obligations.

9.  Plaintiff is not entitled to an award for his attorneys' fees.

10. Plaintiff's claims fail due to the doctrines of estoppel and/or quasi estoppel.

11. Defendants are entitled to an offset of any damages awarded under the doctrine of recoupment and offset.

12. Plaintiffs have failed to state a claim upon which relief may be granted.

13. Defendants are equitably and contractually subrogated as to all of the claims contained in Plaintiff's suit.

14. Plaintiff's claims fail due to his failure to comply with a condition precedent to the commencement of this action.

15. Plaintiff's claim fail because he lacks constitutional and/or statutory standing to pursue his enumerated claims.

**WHEREFORE**, Defendants pray that this Court enter judgment that Plaintiff take nothing on his alleged claims, that Plaintiff's claims be dismissed in their entirety and for such other and further relief, both specific and general, at law and equity, to which Defendants may be entitled.

Respectfully submitted,

By: /s/ Greg DeVries

**BRIAN PAINO**
State Bar No. 24065862
bpaino@mcglinchey.com
**MCGLINCHEY STAFFORD**
18201 Von Karman Ave, Ste 350
Irvine CA 92612
Telephone : (949) 381-5900
Facsimile: (949) 271-4040

**GREG DEVRIES**
State Bar No. 24105802
**MCGLINCHEY STAFFORD**
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone : (713) 520-1900
Facsimile: (713) 520-1025
gdevries@mcglinchey.com

*ATTORNEYS FOR DEFENDANTS.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2020, a copy of the above and foregoing was filed electronically with the Clerk of Court using the Court's electronic filing system. Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system.

*Via E-mail and/or Via Texas E-Filing Service System*
Brandy Michelle Alexander
6200 Savor Dr., Suite 1202
Houston, Texas 77036
brandyalexander@alexanderpllc.com

*Attorney for Plaintiff*

/s/ Greg DeVries
**Greg DeVries**

# EXHIBIT "B"

| MONTGOMERY CENTRAL APPRAISAL DISTRICT |
|---|

| Property | Owner | Property Address | 2019 Assessed Value |
|---|---|---|---|
| R242139 | NICOLAS, NICOLAS & GALE | 84 W SANDALBRANCH CIR, SPRING, TX 77382 | $351,600 |

## 2020 GENERAL INFORMATION

| | |
|---|---|
| Property Status | Active |
| Property Type | Real |
| Legal Description | WDLNDS VIL ALDEN BR 18, BLOCK 1, LOT 11 |
| Neighborhood | VOAB 18 |
| Account | ▮▮▮▮▮▮▮ |
| Map Number | - |

## 2020 OWNER INFORMATION

| | |
|---|---|
| Owner Name | NICOLAS, NICOLAS & GALE |
| Owner ID | ▮▮▮▮▮ |
| Exemptions | Homestead |
| Percent Ownership | 100% |
| Mailing Address | 84 W SANDALBRANCH CIR SPRING, TX 77382-1309 |
| Agent | - |

## 2019 VALUE INFORMATION

| | |
|---|---|
| Improvement Homesite Value | $312,540 |
| Improvement Non-Homesite Value | $0 |
| Total Improvement Market Value | $312,540 |
| Land Homesite Value | $39,060 |
| Land Non-Homesite Value | $0 |
| Land Agricultural Market Value | $0 |
| Total Land Market Value | $39,060 |
| Total Market Value | $351,600 |
| Agricultural Use | $0 |
| Total Appraised Value | $351,600 |
| Homestead Cap Loss | -$0 |
| Total Assessed Value | $351,600 |

## 2019 ENTITIES & EXEMPTIONS

| TAXING ENTITY | EXEMPTIONS | EXEMPTIONS AMOUNT | TAXABLE VALUE | TAX RATE PER 100 | TAX CEILING |
|---|---|---|---|---|---|
| CAD- Appraisal District | | $0 | $351,600 | 0 | 0 |
| CWT- The Woodlands Township | | $0 | $351,600 | 0.2273 | 0 |
| GMO- Montgomery Cnty | HS | $70,320 | $281,280 | 0.4475 | 0 |
| HM1- Mont Co Hospital | HS | $70,320 | $281,280 | 0.0589 | 0 |
| JNH- Lone Star College | HS | $5,000 | $346,600 | 0.1078 | 0 |
| M47- Mont Co Mud 47 | HS | $70,320 | $281,280 | 0.245 | 0 |
| SCO- Conroe ISD | HS | $25,000 | $326,600 | 1.23 | 0 |
| TOTALS | | | | 2.3165 | |

## 2019 IMPROVEMENTS

⌄ Expand/Collapse All

| Improvement #1 | State Code | | Homesite | Total Main Area (Exterior Measured) | Market Value |
|---|---|---|---|---|---|
| - | A1 - Residential Single Family | | Yes | 2,800 Sq. Ft | $312,540 |

| RECORD | TYPE | YEAR BUILT | SQ. FT | VALUE | ADD'L INFO |
|---|---|---|---|---|---|
| 1 | Main Area | 1996 | 1,700 | $174,300 | ⌄ Details |
| 2 | Main Area 2nd Flr | 1996 | 1,100 | $105,380 | ⌄ Details |
| 3 | Open Masonry Porch | 1996 | 39 | $1,310 | ⌄ Details |
| 4 | Canopy | 1996 | 64 | $740 | ⌄ Details |
| 5 | Detached Frame Garage | 1996 | 572 | $30,810 | ⌄ Details |

## 2019 LAND SEGMENTS

| LAND SEGMENT TYPE | STATE CODE | HOMESITE | MARKET VALUE | AG USE | LAND SIZE |
|---|---|---|---|---|---|
| 1 - Primary Site | A1 - Residential Single Family | Yes | $39,060 | - | 8,680 Sq. Ft |
| TOTALS | | | 8,680 Sq. ft / 0.199265 acres | | |

## VALUE HISTORY

| YEAR | IMPROVEMENT | LAND | MARKET | AG MARKET | AG USE | APPRAISED | HS CAP LOSS | ASSESSED |
|------|-------------|------|--------|-----------|--------|-----------|-------------|----------|
| 2018 | $312,540 | $39,060 | $351,600 | $0 | $0 | $351,600 | $0 | $351,600 |
| 2017 | $312,540 | $39,060 | $351,600 | $0 | $0 | $351,600 | $0 | $351,600 |
| 2016 | $319,420 | $39,060 | $358,480 | $0 | $0 | $358,480 | $0 | $358,480 |
| 2015 | $306,040 | $39,060 | $345,100 | $0 | $0 | $345,100 | $4,110 | $340,990 |
| 2014 | $270,930 | $39,060 | $309,990 | $0 | $0 | $309,990 | $0 | $309,990 |

## SALES HISTORY

| DEED DATE | SELLER | BUYER | INSTR # | VOLUME/PAGE |
|-----------|--------|-------|---------|-------------|
| 11/28/2000 | DZBENSKI, ROBERT J & DIANA | NICOLAS, NICOLAS & GALE | - | 804.00/1818 |
| 1/14/1997 | D. R. HORTON - EMERALD BUILDERS LTD | DZBENSKI, ROBERT J & DIANA | - | 227.00/0250 |
| 8/8/1996 | WOODLANDS LAND DEV LP | D.R. HORTON - EMERALD BUILDERS LTD | - | 182.00/2544 |

### DISCLAIMER

Every effort has been made to offer the most current and correct information possible on these pages. The information included on these pages has been compiled by County staff from a variety of sources, and is subject to change without notice. The Montgomery Central Appraisal District makes no warranties or representations whatsoever regarding the quality, content, completeness, accuracy or adequacy of such information and data. The Montgomery Central Appraisal District reserves the right to make changes at any time without notice. Original records may differ from the information on these pages. Verification of information on source documents is recommended. By using this application, you assume all risks arising out of or associated with access to these pages, including but not limited to risks of damage to your computer, peripherals, software and data from any virus, software, file or other cause associated with access to this application. The Montgomery Central Appraisal District shall not be liable for any damages whatsoever arising out of any cause relating to use of this application, including but not limited to mistakes, omissions, deletions, errors, or defects in any information contained in these pages, or any failure to receive or delay in receiving information.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

NICOLAS S. NICOLAS, §
§
    Plaintiff, §
§
§
v. §    CIVIL ACTION NO. 4:20-cv-1263
§
DEUTSCHE BANK NATIONAL TRUST §
COMPANY, AS INDENTURE §
TRUSTEE FOR AMERICAN HOME §
MORTGAGE INVESTMENT TRUST §
2006-3 and PHH MORTGAGE §
CORPORATION, §
§
    Defendants. §



TRUE COPY I CERTIFY
ATTEST: 3/23/23
NATHAN OCHSNER, Clerk of Court
By: _____ s/Terri Hanniable _____
                        Deputy Clerk

## STIPULATION AND CONSENT FOR ENTRY OF JUDGMENT PERMITTING FORECLOSURE

Defendants PHH Mortgage Corporation ("***PHH***") and Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2006-3 ("***Deutsche Bank***," and together with PHH, the "***Defendants***"), and Plaintiff Nicolas S. Nicolas ("***Plaintiff***") and non-party Gale J. Nicolas (collectively, the "***Borrowers***")[1] file this Stipulation and Consent for Entry of Judgment Permitting Foreclosure. The Parties stipulate to the following:

1.     An event of default has occurred on that certain Texas Home Equity Adjustable Rate Note ("***Note***") executed by Plaintiff on or about August 3, 2005, in the principal amount of $202,690.00, which is secured by the real property and improvements commonly known as 84 W Sandalbranch Circle, The Woodlands, Texas 77382 (the "***Property***") pursuant to that certain Texas Home Equity Security Instrument executed by Borrowers (the "***Security Instrument***," and together with the Note, the "***Loan Agreement***") and recorded in the Official Records of

---

[1] Defendants and Borrowers are collectively referred to herein as the "***Parties***."

Montgomery County, Texas, as Document No. 2005088920. The Property is more particularly described as follows:

> LOT ELEVEN (11), IN BLOCK ONE (1), OF THE WOODLANDS VILLAGE OF ALDEN BRIDGE, SECTION EIGHTEEN (18), A SUBDIVISION IN MONTGOMERY COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET H. SHEEP 162B OF THE MAP RECORDS OF MONTGOMERY COUNTY, TEXAS.

2.      The Loan Agreement comports with all requirements of the Texas Constitution and the Security Instrument validly encumbers the Property.

3.      Deutsche Bank is the current owner and holder of the Note and assignees of the Security Instrument. PHH is Deutsche Bank's authorized servicing agent.

4.      Defendants provided Borrowers with a Notice of Default on October 27, 2017, and thereafter provided Borrowers with a Notice of Acceleration on March 1, 2017.

5.      Due to event of default on the Note, Deutsche Bank, or its successors or assigns, may enforce its lien against the Property through nonjudicial foreclosure of the Property via trustee's sale at public auction, as provided in the Security Instrument and section 51.002 of the Texas Property Code. The Parties consent to an order from this Court permitting the nonjudicial foreclosure sale of the Property.

6.      Defendants agree that they shall not complete a nonjudicial foreclosure sale of the Property until ninety (90) days after the date this Court enters an order approving this Stipulation.

7.      Upon the entry of an order approving this Stipulation, Plaintiff's claims herein shall be dismissed with prejudice, with all Parties bearing their own fees and costs.

8.      The Parties agree to execute such further documents and instruments and to take such further actions as may be reasonably necessary to carry out the purposes and intent of this Stipulation.

APPROVED AS TO FORM:

Dated: December ___, 2021

By: /s/ Greg DeVries
              **BRIAN PAINO**
              State Bar No. 24065862
              bpaino@mcglinchey.com
              **MCGLINCHEY STAFFORD**
              18201 Von Karman Ave, Ste 350
              Irvine CA 92612
              Telephone : (949) 381-5900
              Facsimile: (949) 271-4040

              **GREG DEVRIES**
              State Bar No. 24105802
              **MCGLINCHEY STAFFORD**
              1001 McKinney, Suite 1500
              Houston, Texas 77002
              Telephone : (713) 520-1900
              Facsimile: (713) 520-1025
              gdevries@mcglinchey.com

              *COUNSEL FOR DEFENDANTS*

Dated: December ___, 2021

By: ___ /s/ Brandy Alexander  (with permission)
              **BRANDY ALEXANDER**
              State Bar No. 24108421
              brandyalexander@alexanderpllc.com
              6200 Savoy Drive, Suite 1202
              Houston, Texas 77036
              Telephone: (832)-460-3307
              Facsimile: (832) 460-3334

              *COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2022, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all parties, by and through their attorneys of record, by operation of the Court's electronic filing system or by other means in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

*Via CMRRR and/or*
*Email brandyalexander@alexanderpllc.com*
Brandy Michelle Alexander
Texas State Bar No. 24108421
6200 Savoy Drive, Suite 1202
Houston, Texas 77036
Telephone: (832)-460-3307
Facsimile: (832) 460-3334
*Counsel for Plaintiff*

*/s/ Greg DeVries*
**GREG DEVRIES**

**IT IS SO STIPULATED.**

Dated:  January 13, 2021

By: _____
NICOLAS S. NICOLAS

Dated:  January 13, 2021

By: _____
GALE J. NICOLAS


PHH MORTGAGE CORPORATION

Dated: ~~XXXXXXXXXXXXXXX~~ GF

February 16, 2022

By: _____
Its: _____Gina Feezer_____


**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR AMERICAN HOME MORTGAGE INVESTMENT TRUST 2006-3**

by: PHH Mortgage Corporation, its attorney-in-fact

Dated: ~~December xxxx 2021 xxxxx~~ GF

February 16, 2022

By: _____
Its: ____Gina Feezer_____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **NICOLAS S. NICOLAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:20-cv-1263** |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST** | § | |
| **COMPANY, AS INDENTURE** | § | |
| **TRUSTEE FOR AMERICAN HOME** | § | |
| **MORTGAGE INVESTMENT TRUST** | § | |
| **2006-3 and PHH MORTGAGE** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER APPROVING STIPULATION AND JUDGMENT
## PERMITTING FORECLOSURE

On this day, the Court considered Defendants PHH Mortgage Corporation ("***PHH***") and Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2006-3 ("***Deutsche Bank***," and together with PHH, the "***Defendants***"), and Plaintiff Nicolas S. Nicolas ("***Plaintiff***") and non-party Gale J. Nicolas' (collectively, the "***Borrowers***," and together with Defendants, the "***Parties***") Stipulation and Consent for Entry of Judgment Permitting Foreclosure (the "***Stipulation***"). The Court is of the opinion that an order should be entered pursuant to the agreement reached by the Parties to resolve this litigation. It is therefore

1.    **ORDERED, ADJUDGED, and DECREED** that the Stipulation is **APPROVED**. It is further

2.    **ORDERED, ADJUDGED, and DECREED** that an event of default has occurred on that certain Texas Home Equity Adjustable Rate Note ("***Note***") executed by Plaintiff on or

about August 3, 2005, in the principal amount of $202,690.00, which is secured by the real property and improvements commonly known as 84 W Sandalbranch Circle, The Woodlands, Texas 77382 (the "*Property*") pursuant to that certain Texas Home Equity Security Instrument executed by Borrowers and recorded in the Official Records of Montgomery County, Texas, as Document No. 2005088920 (the "*Security Instrument*," and together with the Note, the "*Loan Agreement*"). The Property is more particularly described as follows:

> LOT ELEVEN (11), IN BLOCK ONE (1), OF THE WOODLANDS VILLAGE OF ALDEN BRIDGE, SECTION EIGHTEEN (18), A SUBDIVISION IN MONTGOMERY COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET H. SHEEP 162B OF THE MAP RECORDS OF MONTGOMERY COUNTY, TEXAS.

It is further

3.    **ORDERED, ADJUDGED, and DECREED** that the Loan Agreement comports with all requirements of the Texas Constitution and the Security Instrument validly encumbers the Property. It is further

4.    **ORDERED, ADJUDGED, and DECREED** that Deutsche Bank is the current owners and holders of the Note and assignees of the Security Instrument. Defendants have provided Borrowers with a Notice of Default and a Notice of Acceleration pursuant to Texas law and the terms of the Loan Agreement. It is further

5.    **ORDERED, ADJUDGED, and DECREED** that due to event of default on the Note, Deutsche Bank, or its successors or assigns, may enforce its lien against the Property through nonjudicial foreclosure of the Property via trustee's sale at public auction, as provided in the Security Instrument and section 51.002 of the Texas Property Code. It is further

6. **ORDERED, ADJUDGED, and DECREED** that Defendants must not be complete a nonjudicial foreclosure sale of the Property until ninety (90) days after the date of the entry of this Order. It is further

7. **ORDERED, ADJUDGED, and DECREED** that the purchaser at the foreclosure sale authorized by this judgment will be vested with all of the interest in the Property held by Borrowers. It is further

8. **ORDERED, ADJUDGED, and DECREED** Plaintiff's claims in this action are hereby **DISMISSED WITH PREJUDICE**, with all Parties bearing their own fees and costs incurred in connection with this action.

9. **ORDERED, ADJUDGED, and DECREED** that the Parties shall execute such further documents and instruments and to take such further actions as may be reasonably necessary to carry out the purposes and intent of this order and the Stipulation.

10. This is a final judgment.

Signed this _____ day of _____, 2022.

_____
UNITED STATES DISTRICT JUDGE

# EXHIBIT C

United States District Court
Southern District of Texas

**ENTERED**

February 22, 2022

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **NICOLAS S. NICOLAS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:20-cv-1263** |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST** | § | |
| **COMPANY, AS INDENTURE** | § | |
| **TRUSTEE FOR AMERICAN HOME** | § | |
| **MORTGAGE INVESTMENT TRUST** | § | |
| **2006-3 and PHH MORTGAGE** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Defendants.** | § | |

TRUE COPY I CERTIFY
ATTEST: 3/23/23
NATHAN OCHSNER, Clerk of Court
By: _s/Terri Hannable_
                                    Deputy Clerk

### ORDER APPROVING STIPULATION AND JUDGMENT
### PERMITTING FORECLOSURE

On this day, the Court considered Defendants PHH Mortgage Corporation ("***PHH***") and

Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage

Investment Trust 2006-3 ("***Deutsche Bank***," and together with PHH, the "***Defendants***"), and

Plaintiff Nicolas S. Nicolas ("***Plaintiff***") and non-party Gale J. Nicolas' (collectively, the

"***Borrowers***," and together with Defendants, the "***Parties***") Stipulation and Consent for Entry of

Judgment Permitting Foreclosure (the "***Stipulation***"). The Court is of the opinion that an order

should be entered pursuant to the agreement reached by the Parties to resolve this litigation. It is

therefore

      1.      **ORDERED, ADJUDGED, and DECREED** that the Stipulation is **APPROVED**.

It is further

      2.      **ORDERED, ADJUDGED, and DECREED** that an event of default has occurred

on that certain Texas Home Equity Adjustable Rate Note ("***Note***") executed by Plaintiff on or

about August 3, 2005, in the principal amount of $202,690.00, which is secured by the real property and improvements commonly known as 84 W Sandalbranch Circle, The Woodlands, Texas 77382 (the "***Property***") pursuant to that certain Texas Home Equity Security Instrument executed by Borrowers and recorded in the Official Records of Montgomery County, Texas, as Document No. 2005088920 (the "***Security Instrument***," and together with the Note, the "***Loan Agreement***"). The Property is more particularly described as follows:

> LOT ELEVEN (11), IN BLOCK ONE (1), OF THE WOODLANDS VILLAGE OF ALDEN BRIDGE, SECTION EIGHTEEN (18), A SUBDIVISION IN MONTGOMERY COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET H. SHEEP 162B OF THE MAP RECORDS OF MONTGOMERY COUNTY, TEXAS.

It is further

3.     **ORDERED, ADJUDGED, and DECREED** that the Loan Agreement comports with all requirements of the Texas Constitution and the Security Instrument validly encumbers the Property. It is further

4.     **ORDERED, ADJUDGED, and DECREED** that Deutsche Bank is the current owners and holders of the Note and assignees of the Security Instrument. Defendants have provided Borrowers with a Notice of Default and a Notice of Acceleration pursuant to Texas law and the terms of the Loan Agreement. It is further

5.     **ORDERED, ADJUDGED, and DECREED** that due to event of default on the Note, Deutsche Bank, or its successors or assigns, may enforce its lien against the Property through nonjudicial foreclosure of the Property via trustee's sale at public auction, as provided in the Security Instrument and section 51.002 of the Texas Property Code. It is further

6.     **ORDERED, ADJUDGED, and DECREED** that Defendants must not be complete a nonjudicial foreclosure sale of the Property until ninety (90) days after the date of the entry of this Order. It is further

7.     **ORDERED, ADJUDGED, and DECREED** that the purchaser at the foreclosure sale authorized by this judgment will be vested with all of the interest in the Property held by Borrowers. It is further

8.     **ORDERED, ADJUDGED, and DECREED** Plaintiff's claims in this action are hereby **DISMISSED WITH PREJUDICE**, with all Parties bearing their own fees and costs incurred in connection with this action.

9.     **ORDERED, ADJUDGED, and DECREED** that the Parties shall execute such further documents and instruments and to take such further actions as may be reasonably necessary to carry out the purposes and intent of this order and the Stipulation.

10.    This is a final judgment.

Signed this ___22nd___ day of _____February_____, 2022.


HON. CHARLES ESKRIDGE
UNITED STATES DISTRICT JUDGE